Long Island Trust Company, Appellant, v Porta Aluminum, Inc.,

Respondent, et al., Defendant.—In an action *inter alia* to recover chattels, pursuant to CPLR article 71, plaintiff Long Island Trust Company (Litco) appeals from so much of a judgment of the Supreme Court, Nassau County, dated July 31, 1974, as, upon the decision of the trial court, dismissed the second cause of action asserted in its amended complaint for damages for the wrongful detention and use of certain vehicles. Judgment reversed insofar as appealed from, on the law, and, as between Litco and defendant Porta Aluminum, Inc. (Porta), said second cause of action severed, and new trial granted thereon, with costs to abide the event. No questions of fact have been raised or considered on this appeal. The vehicles in question were the subject of a security agreement executed and delivered to plaintiff by Gilbalstan, Inc. (not a party to this action) to secure the repayment of a loan of $23,952.24. Gilbalstan thereafter sold some of the vehicles, consisting of a Mack tractor and five trailers, to Porta for the sum of $16,000, and represented to Porta that the vehicles were free of any liens, except for an Internal Revenue Service levy in the total amount of $2,755.29. On a prior appeal by Porta from an order, pursuant to a motion brought on by order to show cause served simultaneously with the summons and complaint, directing the Sheriff to seize the vehicles, we reversed and remanded the matter for a trial on the question whether Litco had authorized its debtor to sell the vehicles free of any liens (see *Long Is. Trust Co. v Porta Aluminum Corp.,* 44 AD2d. 118). That trial has been held; the jury found that Litco had *not* so authorized the debtor and that Litco was entitled to possession of the vehicles. However, in addition to possession, plaintiff sought damages for loss of use of the vehicles for the extended period during which Porta retained and used them. Special Term rejected such claim, but we hereby reinstate that claim. Based upon the pertinent provisions of article 9 of the Uniform Commercial Code, and the circumstances of the parties and the chattels involved herein, we conclude that plaintiff should be permitted to show loss of their use as an element of its damages and then apply any amounts recovered to reduce the secured obligation. Unless otherwise agreed, a secured party has, on default, the right to take possession of the collateral. This right may be enforced against third parties in possession (54 NY Jur, Secured Transactions, § 278). Here, that right was denied to plaintiff by Porta's improper refusal to turn over the collateral when requested. Article 9 of the Uniform Commercial Code contains various provisions which specify what a secured party may do upon obtaining possession. For example, subdivision (4) of section 9-207 states that a "secured party may use or operate the collateral for the purpose of preserving the collateral or its value", and subdivision (11) of section 9-504 states that a "secured party after default may sell, lease or otherwise dispose of any or all of the collateral". In other words, the code recognizes that, depending upon the type of collateral involved, and other circumstances, the secured party has the right to use or lease or otherwise exercise dominion over it. We noted in the opinion on the prior appeal that "we are here dealing with chattels which by their very nature are subject to daily damage or destruction (in addition to their constantly depreciating value)" (44 AD2d 118, 126). The vehicles here, which the jury found to have a collective value of $9,750, are in constant use in interstate commerce and, consequently, have a substantial use value. If they had been surrendered to Litco immediately upon default and demand, it could have sold them and applied the proceeds to the debt. But Litco was prevented from doing so by Porta, which used the vehicles for many months, subjecting them to daily wear and tear, despite plaintiff's superior right of possession. The vehicles

are obviously worth less now than when defendant was first asked to return them. Furthermore, they are the type of collateral which can be leased (cf. *Dinniny v Gavin*, 4 App Div 298). They have a "usable" value which can be easily measured (see *Michalowski v Ey*, 7 NY2d 71, 74). The burden of this loss of use sustained by plaintiff should fall upon Porta, the one directly responsible therefor. Hopkins, Acting P. J., Brennan, Munder and Shapiro, JJ., concur; Cohalan, J., dissents and votes to affirm the judgment insofar as it is appealed from.