■ HOUSATONIC TRACTOR CORP., Respondent, v SAMUEL KAMINS, Appellant, et al., Defendants.—In an action by the seller of a tractor under a purchase-money security agreement, *inter alia,* for damages against defendant Kamins, who had withheld the tractor, said defendant appeals from a judgment of the Supreme Court, Putnam County, dated November 26, 1974 and made after a nonjury trial, in favor of plaintiff against said defendant, upon a damage award of $4,900. Judgment modified, on the law and the facts, by reducing the amount of the damage award from $4,900 to $800 and by adding interest on said $800. As so modified, judgment affirmed, without costs and the case is remitted to the trial court for entry of an appropriate amended judgment. Plaintiff is not entitled to recover damages for loss of the use of the tractor, in which it held a perfected security interest, during the period of time the tractor was wrongfully detained by defendant Kamins, since plaintiff, after recovering the tractor, sold it for a sum in excess of the amount of the underlying debt. In such a situation, the proceeds of the sale must be used to satisfy the debt (Uniform Commercial Code, § 9-504, subd [1]) and recovery for loss of the use of the chattel during the period of wrongful detention would effectively amount to a double recovery. Recently, we permitted recovery for loss of the use of secured chattels during a period of wrongful detention in a case where the chattels in question had not been recovered and sold by the secured party—the plaintiff—prior to the commencement of the suit *(Long Is. Trust Co. v Porta Aluminum,* 49 AD2d 579). Thus, Long Island Trust Company (hereinafter Litco) sought recovery of the chattels plus damages measured by the rental value of the goods during the period of wrongful detention. We noted in our decision that had defendant Porta surrendered the secured chattels to Litco upon demand, Litco could have sold them and *applied the proceeds to the debt.* Plaintiff in the instant case has done this very thing and the underlying debt has thus been extinguished. In these circumstances, there can be no recovery for loss of the use of the secured chattel as measured by its rental value. Plaintiff

herein is entitled to recover only for those expenses set forth in section 9-504 (subd [1], par [a]) of the Uniform Commercial Code, which in this case amount to $800. Rabin, Acting P. J., Hopkins, Christ, Munder and Shapiro, JJ., concur.