■ LONG ISLAND TRUST CO., Respondent, v PORTA ALUMINUM, INC., Appellant.—In an action pursuant to CPLR article 71, *inter alia,* to recover damages for the wrongful detention of chattels, defendant, Porta Aluminum, Inc. (Porta), appeals from a judgment of the Supreme Court, Nassau County, entered November 18, 1976, on the severed second cause of action, which is in favor of plaintiff, after a nonjury trial. Judgment reversed, on the law, and second cause of action dismissed, without costs or disbursements. On an earlier appeal in this action *(Long Is. Trust Co. v Porta Aluminum,* 49 AD2d 579), this court determined that plaintiff, the secured party, was entitled to recover damages from Porta for the wrongful detention and use of certain vehicles. At the time the appeal was heard, the court was unaware that the vehicles in question, which secured a debt of Gilbalston, Inc. (not a party to this action), had already been surrendered by Porta, and had been sold at public auction. Porta was never given notice of the sale, as required by the Uniform Commercial Code (see § 9-504, subd [3]; § 9-105, subd [1], par [d]). Accordingly, we conclude that plaintiff is barred from obtaining money damages from Porta (cf. *Central Budget Corp. v Garrett,* 48 AD2d 825; *Leasco Data Processing Equip. Corp. v Atlas Shirt Co.,* 66 Misc 2d 1089). Damiani, J. P., Titone, Rabin and Cohalan, JJ., concur.