■ KATHLEEN PITTS et al., Appellants, v ROBERT E. DUNN, Respondent. —In an action to recover damages for personal injuries, etc., arising out of a rear-end automobile collision, plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered May 6, 1977, which is in favor of the defendant and against them, upon a jury verdict. Judgment reversed, on the law, without costs or disbursements, and new trial granted. In our opinion, the trial court erred in refusing to charge the jury, as requested, that under the facts of this case the female plaintiff passenger, who was in the car with her husband, was not guilty of contributory negligence as a matter of law. The only testimony concerning her conduct is that while their car was stopped at a red traffic light, she was observed in conversation with her husband. The accident took place some moments later, after the light had changed; there was no evidence that the plaintiff passenger was speaking with or distracting her husband in any way at that time. No reasonable view of the evidence would support a finding that the plaintiff passenger was guilty of contributory negligence. Martuscello, J. P., Damiani, Shapiro and O'Connor, JJ., concur.

■ PORTA ALUMINUM, INC., Appellant, v LONG ISLAND TRUST COMPANY, Respondent.—In an action, *inter alia,* to recover damages for failure to comply with the provisions of subdivision (1) of section 9-507 of the Uniform Commercial Code, plaintiff, Porta Aluminum, Inc. (Porta), appeals from (1) an order of the Supreme Court, Nassau County, entered June 9, 1977, which dismissed the first two causes of action of the complaint and (2) a further order of the same court, entered July 19, 1977, which (a) denied Porta's motion for reargument and (b) granted defendant's motion to resettle the prior order and, on resettlement, dismissed the third cause of action asserted in the complaint. Appeal from so much of the order of July 19, 1977 as denied the motion to reargue dismissed, without costs or disbursements. No appeal lies from the denial of a motion for reargument. Order of June 9, 1977, as resettled on July 19, 1977, affirmed, without costs or disbursements. Porta claims that it is entitled to money damages as a result of the defendant's failure to comply with the requirements of subdivision (3) of section 9-504 of the Uniform Commercial Code in its sale of certain collateral. In *Long Is. Trust Co. v Porta Aluminum* (63 AD2d 670) we determined that defendant (the plaintiff in that action) had in fact breached its obligation under section 9-504. However, in view of our disposition in that case, it is our opinion that Porta is not entitled to recover damages in this action. Damiani, J. P., Titone, Rabin and Cohalan, JJ., concur.