■ SIDNEY BRAINARD, Appellant, v BROTHERS EXCAVATING, INC., et al., Respondents.—Appeal from so much of an order of the Supreme Court at Special Term, entered November 9, 1979 in Greene County, as granted defendants' motion pursuant to CPLR 3211 to dismiss Paragraph No. 7 of the complaint for failure to state a cause of action. Plaintiff loaned defendant Brothers Excavating, Inc., $65,000 secured by a bond and mortgage. As

---

additional security, Brothers Excavating, Inc., executed a security agreement covering certain construction equipment. Pursuant to Paragraph No. 4 of the bond and mortgage, plaintiff had the right to declare the whole of the principal sum and interest due upon default, and following a default on December 1, 1978, plaintiff demanded possession of the chattels covered by the security agreement. When defendants refused to turn over the chattels, plaintiff instituted this action for replevin. In addition to possession of the chattels, plaintiff seeks damages for their wrongful detention (Par No. 7 of complaint), computed on the basis of the reasonable monthly rental value of the equipment. Defendants thereafter moved to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7). Special Term held that plaintiff was not entitled to damages for the alleged wrongful detention of the chattels, and dismissed Paragraph No. 7 of the complaint. Paragraph No. 7 alleges that as a result of the wrongful detention of the chattels, plaintiff is entitled to damages for the reasonable monthly rental value of the equipment from the date of default until such time as he acquires the equipment. Damages are sought in the amount of $49,000 for wrongful detention of the chattels. The complaint also seeks possession of the chattels, or the value thereof, $57,100. Defendants contend that insofar as the complaint alleges damages for the wrongful detention of the collateral in addition to the balance outstanding on the underlying debt, it fails to state a cause of action. The maximum amount plaintiff can recover is the balance due on the underlying obligation, $58,405.45 together with interest thereon from December 1, 1978. We conclude that Paragraph No. 7 of the complaint states a cause of action to the extent that plaintiff may show loss of the chattels' use as an element of his damages and then apply any amounts so recovered to reduce the amount of the secured obligation *(Housatonic Tractor Corp. v Kamins,* 50 AD2d 586; *Long Is. Trust Co. v Porta Aluminum,* 49 AD2d 579). Order modified, on the law, by reversing so much thereof as dismissed Paragraph No. 7 of the complaint and Paragraph No. 7 of the complaint reinstated to the extent indicated herein, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.