■ ELIZABETH D. DICK, Respondent-Appellant, v HENRY BRODESSER, Appel-lant-Respondent. — In a negligence action to recover damages for personal injuries, defendant appeals, on the ground of excessiveness, from a judgment of the Supreme Court, Queens County, entered March 7, 1980, which is in favor of plaintiff in the principal sum of $64,000, the original verdict of $80,000 having been reduced pursuant to the finding that plaintiff was negligent to the extent of 20%. Plaintiff cross-appeals from so much of the same judgment as reduced the award pursuant to the finding that she was negligent. Judgment reversed, on the law, without costs or disbursements, and the determination that plaintiff was negligent to the extent of 20% is vacated; a new trial is granted limited to the issue of damages only, unless, within 30 days after service upon plaintiff of a copy of the order to be made hereon, together with notice of entry, plaintiff shall serve and file in the office of the clerk of the Supreme Court, Queens County, a written stipula-tion consenting to decrease the verdict as to damages to $60,000, and to the entry of an amended judgment accordingly. In the event plaintiff so stipu-lates, then the judgment as so reduced and amended is affirmed, without costs or disbursements. The record discloses no facts which sustain a finding of negligence on plaintiff's part. It was therefore error to submit this issue to the jury. A statement by a passenger to "watch out" does not, in the absence of evidence which indicates that it was uttered in so imprudent a manner as to foreseeably cause a panicked or unnerved reaction on the part of the driver, constitute contributory negligence (cf. *Pitts v Dunn,* 63 AD2d 671). As to the amount of the verdict, we find that it was excessive to the extent indicated. Mollen, P.J., Margett, O'Connor and Weinstein, JJ., con-cur.