■ SHERI DENKENSOHN, an Infant, by CHARLES DENKENSOHN, Her Father and Natural Guardian, et al., Plaintiffs, v RICHARD DAVENPORT et al., Appellants, et al., Defendants, and POOL TECHNOLOGY UNLIMITED, Respondent. (And a Third-Party Action.)—Mahoney, P. J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered August 22, 1986 in

Albany County, which granted defendant Pool Technology Unlimited's motion for summary judgment dismissing the complaint against it.

Plaintiff Charles Denkensohn commenced this action on behalf of himself and his daughter to recover damages for personal injuries sustained by his daughter when she struck her head on the bottom of a swimming pool owned by defendants Richard and Betty Davenport after having dived from the top of a slide erected at poolside. The slide was manufactured by Aquaslide N' Dive Corporation, a Texas corporation. Aquaslide was named and served as a defendant but has not appeared in the action, apparently due to its bankruptcy.

Defendant Pool Technology Unlimited, a Texas corporation wholly owned by Mr. and Mrs. Carl Meyer, who also own Aquaslide, was also served as a defendant in the action. Pool Technology did not come into existence until 1979, approximately six years after the installation of the slide and four years prior to the instant accident.

Pool Technology moved for summary judgment dismissing the complaint against it. Plaintiffs and the Davenports opposed the motion on the ground that they intended to prove that Pool Technology functioned as an alter ego of Aquaslide, and since facts supportive of their theory are within the exclusive control of Pool Technology, more time should be accorded for discovery before summary relief for Pool Technology should be considered *(see,* CPLR 3212 [f]). Supreme Court granted Pool Technology's motion and dismissed the complaint against it. This appeal by the Davenports ensued.

It is well settled that where a party is unable to effectively oppose a motion for summary judgment because the evidence needed is within the exclusive knowledge of the moving party, the court may deny the motion without prejudice or refrain from ruling on the motion pending further disclosure *(see, Harris v Alcan Aluminum Corp.,* 91 AD2d 830, *affd on opn below* 58 NY2d 1036; *Bruno v Home Mut. Ins. Co.,* 91 AD2d 1169). However, denial of such relief must be supported by something more than suspicion or surmise *(see, Harris v Alcan Aluminum Corp., supra; see also, Babcock v Allan,* 115 AD2d 297).

Here, as the parties in opposition to Pool Technology's motion pointed out, the jural relationship between Pool Technology and Aquaslide rests on facts exclusively within the control of the corporations' common president. Further, affidavits submitted in opposition to the motion informed Supreme

Court that the Bankruptcy Court had authorized Aquaslide to engage in limited disclosure within a short time following Supreme Court's ruling on the motion. Also, we have held that where, as here, the only evidence submitted in support of the motion to dismiss is the party's own affidavit, the issue of the affiant's credibility remains for a jury to resolve and a court should not grant summary judgment on the basis of self-serving statements contained in an affidavit, especially when the statements relate to matters within the exclusive knowledge of the moving party (*Koen v Carl Co.*, 70 AD2d 695).

We therefore conclude that Supreme Court improperly granted Pool Technology summary judgment because the information necessary to establish whether the corporation was an alter ego of Aquaslide was within the exclusive knowledge of the moving party and had not been subject to disclosure (CPLR 3212 [f]), and for the further reason that additional evidence on the relationship of the corporations might have been forthcoming from the limited disclosure of Aquaslide authorized by the Bankruptcy Court.

Order reversed, on the law, without costs, and motion denied without prejudice. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.