■ Jan B. Burba et al., Respondents, v Rochester Gas and Electric Corporation, Appellant.—Order reversed on the law with costs and motion granted. Memorandum: Defendant, Rochester Gas and Electric Corporation (RG&E), notified construction contractors in the area that it would not permit employment of plaintiffs on property owned by RG&E. Plaintiffs, members of labor unions, brought this action against RG&E alleging that RG&E intentionally interfered with their rights to employment under the union contracts. RG&E moved for summary judgment and Special Term denied the motion. On appeal, RG&E contends that plaintiffs have no cause of action for intentional interference with contract. Such a cause of action must allege: (1) a valid contract; (2) defendant's knowledge of the contract; (3) defendant's intentional interference with the contract and a resulting breach; and (4) damages *(Burba v Rochester Gas & Elec. Corp.,* 90 AD2d 984, 985). RG&E points out that the union contracts do not guarantee plaintiffs the right to employment and that plaintiffs have no other contracts of employment. Thus, RG&E contends, there was no breach of contract caused by the actions of RG&E.

RG&E has submitted sufficient proof to show that plaintiffs do not have a cause of action for intentional interference with contract. The union agreements do not contain provisions entitling plaintiffs to employment, and plaintiffs had no contract of employment with any contractor or subcontractor that was breached because of the notice given by RG&E. The contracts between the unions and the contractors gave plaintiffs the right only to be considered for employment by the contractors.

We cannot agree with the dissent's finding that plaintiffs may have a cause of action for tortious interference with economic advantage. This cause of action was neither pleaded by plaintiffs nor raised in response to defendant's summary judgment motion or on appeal. Further, the record does not establish that plaintiffs would be entitled to relief under this legal theory. RG&E by its actions only barred plaintiffs from working on its property. It did not deprive plaintiffs of consideration or employment by contractors for projects other than at its facilities. In so doing, RG&E was exercising its own rights rather than interfering with plaintiffs' business relations with third parties (see, e.g., *Florida Tel. Corp. v Essig,* 468 So 2d 543 [Fla]).

All concur, except Boomer and Green, JJ., who dissent and vote to affirm in the following memorandum.

Boomer and Green, JJ. (dissenting). We respectfully dissent and vote to affirm. Rochester Gas and Electric Corporation (RG&E) has submitted sufficient proof in support of its motion for summary judgment to show that plaintiffs do not have a cause of action for intentional interference with contract. Nevertheless, RG&E is not entitled to summary judgment because it has not shown that plaintiffs have no cause of action at all. Under the facts pleaded and submitted on the motion for summary judgment, plaintiffs may have a cause of action for tortious interference with prospective economic advantage (see, Restatement [Second] of Torts § 766B). The elements of that cause of action are the interference with business relations existing between the plaintiff and a third party, either with the sole purpose of harming the plaintiff or by means that are dishonest, unfair, or in any other way improper. "Interference with a plaintiff's business relations with a third party can be found if the plaintiff had a 'reasonable expectancy of a contract' with the third party, which can result from 'mere negotiations.' " *(Strapex Corp. v Metaverpa N.V.,* 607 F Supp 1047, 1050; see also, *Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183; *Williams & Co. v*

*Collins Tuttle & Co.,* 6 AD2d 302, 306-307, *lv denied* 5 NY2d 710.) Interference with precontractual relations is actionable where a contract would have been entered into if it had not been for the malicious conduct of a third person *(A. S. Rampell, Inc. v Hyster Co.,* 3 NY2d 369, 376; *see also, Pino v Protection Mar. Ins. Co.,* 599 F2d 10; *Pino v Trans-Atlantic Mar.,* 358 Mass 498, 265 NE2d 583). To prove such a cause of action, plaintiffs need not show an existing contract of employment. They need show only that a contract of employment would have been entered into had it not been for improper conduct of RG&E.

On this motion for summary judgment, is is immaterial that the cause of action asserted by plaintiffs was characterized in the complaint as "intentional interference with contract" and not tortious interference with economic advantage or with prospective employment. The complaint pleads all the essential elements of the latter cause of action. Plaintiffs have alleged that RG&E issued the blacklist maliciously and with the intent to damage plaintiffs in their ability to earn a living and for the purpose of forestalling other members of a labor union from seeking recovery against RG&E for exposure to radiation at RG&E's plant; that plaintiffs were members of labor unions, thus giving them an expectancy of employment with contractors who were parties to the union contracts; and that since the publication of the blacklist, plaintiffs have sought employment working on property of RG&E but have been denied such employment as a direct result of the blacklist.

In support of its motion for summary judgment, defendant RG&E did not submit proof negating these allegations, relying instead on the fact that the union contract did not guarantee plaintiffs' employment. Nevertheless, those contracts did give plaintiffs a reasonable expectation of employment.

Moreover, even if the complaint is deemed insufficient to state a cause of action for tortious interference with prospective economic advantage or prospective employment, that failure to state a cause of action would not permit an unconditional judgment in favor of defendant. As stated by the Court of Appeals in *Alvord & Swift v Muller Constr. Co.* (46 NY2d 276, 281): "Long before enactment of the CPLR, on motion for summary judgment courts looked beyond the pleadings to discover the nature of the case (see, e.g., *Curry v Mackenzie,* 239 NY 267, 272). Even when deficiencies in the plaintiff's complaint have induced courts to grant summary judgment in favor of defendant, amendment of the complaint has fre-

quently been permitted or directed, even by appellate courts (see, e.g., *Potolski Int. v Hall's Boat Corp.,* 282 App Div 44, 48 [BERGAN, J.]; *Elsfelder v Cournand,* 270 App Div 162, 165; cf. *Babtkis Assoc. v Tarazi Realty Corp.,* 34 AD2d 754, 755). It has only been the dead hand of a criticized case that influenced courts to grant summary judgment for defendant when a plaintiff's submissions, but not its pleadings, made out a cause of action (see *Cohen v City Co. of N. Y.,* 283 NY 112, 117; but see, in criticism, Shientag, Summary Judgment, pp 67-73; see, also, *Diemer v Diemer,* 8 NY2d 206, 211-212 [FULD, J.]). With the advent of the modern principles underlying the CPLR, application of the archaic rule is no longer merited." (Appeal from order of Supreme Court, Monroe County, Tillman, J.—summary judgment.) Present—Denman, J. P., Boomer, Green, Lawton and Davis, JJ.