■ First City National Bank and Trust Company, Respondent, v Hillel Tobias et al., Appellants.—Judgment, Supreme Court, New York County (David Edwards, Jr., J.), entered on or about October 18, 1988, which upon the granting of summary judgment in lieu of complaint in plaintiff's favor, adjudged that plaintiff shall recover from the defendants $96,000 plus interest, and costs and disbursements, totaling $114,894.48, unanimously affirmed, with costs.

The appeals from the orders of said court entered on or about September 23, 1988 and August 2, 1988, granting plaintiff summary judgment in lieu of complaint, are dismissed as subsumed in the appeal from the judgment.

This action arises out of a loan which plaintiff made to the defendants to enable the defendants to invest in a limited partnership formed to purchase a fuel storage and delivery depot. Defendants defaulted on the loan when the partnership failed to make cash distributions to them, which payments had previously been used to pay the loan installments. Defendants claim that they were fraudulently induced into the

partnership and that the bank and the partnership formed a "conspiracy" so that the bank is chargeable with the alleged misrepresentations made by the general partners.

While the bank has established a prima facie case for summary judgment *(Gateway State Bank v Shangri-La Private Club for Women,* 113 AD2d 791, *affd* 67 NY2d 627), defendants have failed to raise any triable issues of fact to warrant denial of summary judgment *(Mills v Ryan,* 41 AD2d 689, *affd* 33 NY2d 948).

The record demonstrates that defendants were well aware of the risks involved in the investment venture before they entered into it. Indeed, the private placement memorandum's warnings and disclaimer well apprised defendants of the uncertainties involved.

There is no evidence that the bank and the partnership conspired to induce defendants to make the investment. The bank independently reviewed defendants' financial status, based upon standard financial reports and documents, and reasonably determined to offer defendants a loan. Moreover, a borrowers' letter signed by defendants specifically acknowledged, *inter alia,* that the bank made no representations to them whatsoever to induce them to apply for the loan, and that defendants agreed to hold the bank harmless and release the bank from any and all claims that defendants may have relating to the investment.

We have considered defendants' other claims and find them to be without merit. Concur—Sullivan, J. P., Ross, Carro, Milonas and Ellerin, JJ.