■ FIRST CITY NATIONAL BANK AND TRUST COMPANY, Respondent, v NEAL HEATON et al., Appellants.—Order and judgment of the Supreme Court, New York County (David H. Edwards, Jr., J.), entered April 24 and 27, 1989, respectively, denying defendants' motion for a stay and granting the plaintiff's cross motion for summary judgment, unanimously affirmed, with costs and disbursements.

This is an action to recover the principal and interest due on a promissory note, and to foreclose on an assignment and security agreement executed by the defendants in favor of the plaintiff First City National Bank and Trust Company (the Bank). In December 1986, defendants borrowed $72,000 from the Bank to invest in a limited partnership (hereafter Broodmare). In a two-page "borrower's letter", in which the defen-

dants requested the loan from the Bank, the defendants acknowledged the following: "I acknowledge and fully understand that the Bank is acting solely as a lender and not as an investment advisor. The Bank has made no attempt to analyze or evaluate my intended investment in the Partnership. The Bank has made no representations concerning the Partnership, its General Partner(s) or their financial strength, prospects or integrity. I have made my investment decision based on such independent investigation as I have deemed necessary. I understand that the Bank has not participated in the preparation of a Private Placement or Offering memorandum or similar document for the Partnership and therefore is not responsible for any statement contained in or the completeness of any such document. I assume all responsibility for keeping myself informed of the financial condition and operations of the Partnership and agree that the Bank shall have no duty to advise me of any such information. I agree to hold the Bank harmless and do hereby release the Bank from any and all claims that I may have relating to or arising out of my investment."

The instant action was commenced when defendants defaulted on the note. In their answer, defendants raised an affirmative defense that their investment in Broodmare was induced by fraudulent misrepresentations on the part of Broodmare's principals. Defendants had previously commenced an action in the United States District Court against Broodmare and, after commencement of the instant action, added the Bank as a defendant in the Federal action, alleging, in direct contradiction to their specific acknowledgment to the Bank, that on information and belief the Bank knew that the Broodmare defendants had made material misrepresentations in their private placement memorandum.

Defendants moved to stay this action pursuant to CPLR 2201 pending determination of the Federal action. The Bank cross-moved for summary judgment, setting forth that it had never possessed, examined or analyzed the Broodmare private placement memorandum and that it had no direct contact with Broodmare, but rather dealt with an independent broker whom defendants had authorized to acquire financing on their behalf. Defendants responded with an affidavit from their accountant *presuming* that the Bank had investigated Broodmare and its general partner, and suggesting that "discovery may reveal evidence" to show a relationship between the Bank and Broodmare implicating the Bank in Broodmare's fraudulent scheme.

We agree with the IAS court that there was no basis for a stay under the circumstances and hold that summary judgment was properly granted to the Bank. Once the Bank had established a prima facie case by proof of execution of the note and default under its terms, it was incumbent on defendants to present evidentiary facts raising a triable issue of fact with respect to a bona fide defense *(Gateway State Bank v Shangri-La Private Club for Women,* 113 AD2d 791, *affd* 67 NY2d 627). "To speculate that something might be caught on a fishing expedition provides no basis pursuant to CPLR 3212 (f) to postpone decision on the summary judgment motion" *(supra,* at 792). Defendants' unsubstantiated, conclusory and speculative assertions were insufficient to defeat the Bank's motion for summary judgment *(Ihmels v Kahn,* 126 AD2d 701; *Glassman v Catli,* 111 AD2d 744). In any event, the specific and extensive acknowledgment by the defendants that the Bank was acting solely as a lender, not as investment advisor, and that the Bank had made no analysis or evaluation of the defendants' intended investment, operates as a contractual waiver of the claims which defendants seek to raise as an affirmative defense *(Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, *affd* 29 NY2d 617; *First City Natl. Bank & Trust Co. v Tobias,* 156 AD2d 267). Concur—Murphy, P. J., Kupferman, Rosenberger, Kassal and Ellerin, JJ. *[See,* 165 AD2d 665.]