(April 22, 1991)

■ AMEV CAPITAL CORPORATION, Respondent, v RICHARD KIRK et al., Appellants.—In an action, *inter alia,* to recover on a promissory note guarantee, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered November 22, 1989, as denied their motion to cancel a notice of pendency and further denied their separate motion to dismiss the complaint for failure to join necessary parties.

Ordered that the order is affirmed insofar as appealed from, with costs.

On this appeal, the defendants argue that the court erred in failing to cancel the notice of pendency which was filed against their home in conjunction with the instant action, by which the plaintiff sought, among other things, to set aside the defendant Richard Kirk's conveyance of his one-half interest in the home to his wife, the defendant Janet Kirk. Insofar as the judgment demanded in the action would affect the title to real property *(see,* CPLR 6501), we find that a notice of pendency was properly filed. Moreover, the defendants failed to demonstrate that the action had been commenced or prosecuted in bad faith *(see,* CPLR 6514 [b]; *see also, Weksler v Yaffe,* 129 Misc 2d 633, 635). Hence, it was not an improvident exercise of the court's discretion to decline to cancel the notice of pendency.

Nor do we find that the court erred in denying the defendants' application to dismiss the complaint for failure to join necessary parties *(see,* CPLR 1001 [a]; 1003). None of the persons mentioned by the defendants was necessary in order to accord complete relief between the plaintiff and defendants, nor would such persons have been inequitably affected by a judgment in the action *(see,* CPLR 1001 [a]).

We have reviewed the defendants' remaining contentions and find none warrant disturbing the provisions of the order appealed from. Lawrence, J. P., Harwood, Rosenblatt and O'Brien, JJ., concur.