■ CLASSIC MOMENTS COMPANY, Respondent, v WILLIAM K. AKATA et al., Appellants.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered May 9, 1991, which, *inter alia,* denied the motion by defendant Hattori Corporation of America, and its successor, Seiko Corporation of America, for summary judgment pursuant to CPLR 3212 dismissing the second and third causes of action of the complaint, with leave to renew upon completion of discovery, unanimously modified to the extent of permitting leave to renew after plaintiff has had an opportunity to conduct relevant discovery, and otherwise affirmed, without costs.

Plaintiff seeks monetary damages against defendant Seiko for, *inter alia,* tortious interference with contractual relations in allegedly inducing defendant William Akata to breach an employment agreement with the plaintiff. Defendant Seiko moved for summary judgment dismissing the complaint, and, in opposing papers, plaintiff sought an opportunity to conduct discovery concerning defendant Seiko's knowledge of the employment agreement.

It is well-settled that where a party is unable to effectively oppose a motion for summary judgment because the evidence needed is within the exclusive knowledge of the moving party, the court may deny the motion, without prejudice, or refrain from ruling on the motion pending further disclosure (CPLR 3212 [f]; *Denkensohn v Davenport,* 130 AD2d 860, 861).

The denial of summary judgment was particularly appropriate here, as the information necessary to oppose the summary judgment motion, whether defendant Seiko knowingly and intentionally interfered with the employment agreement, was exclusively within defendant's knowledge *(Simpson v Term Indus.,* 126 AD2d 484, 486).

We have reviewed defendant Seiko's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Carro, Milonas, Asch and Kassal, JJ.