OPINION OF THE COURT
Alfred J. Weiner, J.
Plaintiff’s complaint consists of four causes of action. The *460 first three allege a violation of the Donnelly Act, New York State’s antitrust statute (General Business. Law § 340 et seq.) and the fourth cause of action alleges intentional interference with prospective business advantage. All defendants seek dismissal of plaintiff’s complaint as a matter of law, for failure to state a cause of action.
Plaintiff alleges defendant, Corporate Property Investors (CPI), owner and operator of the Nanuet Mall, a regional shopping mall located in close proximity to the site of the proposed Palisades Center, carried out a preconceived and unlawful plan to delay, and ultimately prevent, plaintiff from constructing and operating a competing, more modern, regional shopping mall in Rockland County. Plaintiff alleges defendant’s conduct was unlawful and malicious, and improperly restrains plaintiff in the free exercise of its business and has caused substantial damages.
Plaintiff further alleges that defendant, CPI, in restraint of trade and free competition, caused the submission of false and misleading information to the Clarkstown Town Board and other agencies concerning plaintiff and its property; intentionally interfered with plaintiff’s prospective business relationships, resulting in the loss of major anchor tenants; unlawfully included restrictions in the leases of existing CPI tenants which prohibited them from entering into leasehold agreements with plaintiff in the proposed Palisades Center; unlawfully tied leasehold space in certain other CPI locations to the prospective tenant’s agreement to take space in the Nanuet Mall (thereby preventing those tenants from freely choosing to enter the Palisades Center); made unlawful campaign contributions to a Clarkstown Town Board candidate who opposed the Palisades Center and commenced frivolous and unnecessary litigation.
The other defendants, in addition to CPI, are defendant Hill and Knowlton, an advertising agency; defendant Roy F. Weston, Inc., an environmental consulting firm; defendant N.H. Bettigole Co., a civil engineering consulting firm, and Ferrandino & Associates, a planning and developing consulting firm. Plaintiff alleges these defendants were retained by defendant, CPI, in its efforts to prevent the construction of Palisades Center.
Defendants contend that assuming all the allegations contained in plaintiff’s complaint are true, the complaint fails to state a cause of action.
*461 Plaintiff’s first cause of action, in violation of the Donnelly Act, alleges that the defendants’ governmental petitioning activity constituted a conspiracy to protect and enhance defendant, CPI’s present, dominant economic position in Rockland County.
A party claiming a violation of the Donnelly Act, which was modeled on the Federal Sherman Antitrust Act, alleging a conspiracy, must identify the relevant product market, describe the nature and effects of the purported conspiracy and allege how the economic impact of the conspiracy is to restrain trade in the market in question. (State of New York v Mobil Oil Corp., 38 NY2d 460; International Tel. Prods. v Twentieth Century Fox, 622 F Supp 1532.)
Conspiracy claims alleging conspiracy between a company, its officers and its agents fail to satisfy pleading requirements under the Donnelly Act. (Creative Trading Co. v Larkin-Pluznick-Larkin, Inc., 136 AD2d 461.) Furthermore, allegations of conspiracy must allege a conspiracy among plaintiff’s competitors. (Creative Trading Co. v Larkin-Pluznick-Larkin, Inc., 75 NY2d 830.)
Here, the alleged conspirators are four firms providing consulting services and are not competitors of plaintiff. The allegation of a conspiracy between defendant CPI and its president, as well as the allegation of a conspiracy between defendants CPI, Hill, Weston, Bettigole and Ferrandino, must fail since all these defendants are either officers or agents of defendant, CPI.
Accordingly, plaintiff’s first cause of action alleging a conspiracy is dismissed.
The second cause of action alleges that defendants used radius clauses to place restrictions in the renewal leases of CPI’s existing tenants in the Nanuet Mall, which effectively prohibit them from taking additional space in, or relocating to, plaintiff’s Palisades Center.
Courts addressing radius clauses that affect a tenant’s ability to operate a similar store or a landlord’s ability to use or permit the use of a property it owns or controls for a similar store within a specified distance of the shopping center have found both types of covenants reasonable and not violative of antitrust statutes. (Child World v South Towne Centre, 634 F Supp 1121; Valley Props. v King’s Dept. Stores, 505 F Supp 92.)
Accordingly, plaintiff’s second cause of action, alleging that *462 certain radius covenants in some tenant leases at the Nanuet Mall violate the Donnelly Act is dismissed.
The third cause of action alleges that, in order to exclude plaintiff from the Rockland County market, defendants conditioned a major retailer’s (Abraham & Straus) opportunity to lease space at other CPI malls, on their commitment to lease space at the Nanuet Mall as well, thereby precluding Abraham & Straus from leasing space at the Palisades Center.
The requirements for pleading "tying” claims are identical under both the Donnelly Act and the Sherman Act. (Posa, Inc. v Miller Brewing Co., 642 F Supp 1198.) Accordingly, a plaintiff must allege: (1) two distinct products (a "tying” produce and a "tied” product); (2) economic coercion; (3) market power in the tying product market; (4) anticompetitive impact in the tied product market, and (5) involvement of a not insubstantial amount of commerce. (Gonzalez v St. Margaret’s Hous. Dev. Fund Corp., 880 F2d 1514; Power Test Petroleum Distribs. v Calcu Gas, 754 F2d 91.)
In order to satisfy the first element of a "tying” claim, plaintiff alleges that the "tying” product is defined as other, more favorable CPI locations and the "tied” product as the Nanuet Mall. Plaintiff further alleges that market power exists in the tying product; anticompetitive impact in the "tied” product market and involvement of a not insubstantial amount of commerce.
The court finds that plaintiff’s definition of "tying” product is too vague and plaintiff’s complaint fails to adequately allege the market power that exists in the tying product market. Furthermore, plaintiff’s failure to adequately allege market power in the tying market renders it incapable of alleging anticompetitive effect in the tied market. (Jefferson Parish Hosp. Dist. No. 2 v Hyde, 466 US 2.)
Plaintiff’s identification of only a single party (Abraham & Straus) which has been made subject to a "tie-in” arrangement, is insufficient to allege involvement of a not insubstantial amount of commerce. Tying arrangements are not condemned under the antitrust law unless a substantial volume of commerce is foreclosed thereby. (Jefferson Parish Hosp. Dist. No. 2 v Hyde, supra, at 16.)
Accordingly, plaintiff’s third cause of action is dismissed.
A plaintiff alleging a violation of the Donnelly Act must identify a proper relevant market. (Primo Constr. v Swig *463 Weiler & Arnow Mgt. Co., 160 AD2d 379; Creative Trading Co. v Larkin-Pluznick-Larkin, Inc., 136 AD2d 461, supra.)
A relevant market must include all products that are reasonably interchangeable and all geographic areas in which such reasonable interchangeability occurs. (Brown Shoe Co. v United States, 370 US 294.)
Plaintiff defines the relevant product as the ownership and operation of a major retail shopping mall and the relevant geographic market as Rockland County. However, plaintiff’s own market analysis attached to its environmental impact statement submitted to the Clarkstown Town Board, states that the Nanuet Mall is not the sole competitor of the proposed Palisades Center and that competitors cannot be limited to major retail shopping malls or to the geographic area within Rockland County.
Accordingly, the court finds that plaintiff, in its complaint, fails to identify a proper relevant market as required by the Donnelly Act. Therefore, the first three causes of action, alleging violations of the Donnelly Act, are also dismissed for failure to identify a proper relevant market.
The fourth cause of action alleges intentional interference with prospective business advantage, claiming that defendants unlawfully and maliciously induced Abraham & Straus, a major retailer, to break off negotiations with plaintiff by conditioning this tenant’s opportunity to lease space in other CPI malls upon its also taking space in CPI’s Nanuet Mall.
This action for intentional interference with prospective business advantage is based upon an unlawful "tying” arrangement that forms the basis of the third cause of action. Since plaintiff’s tying claim has been found to be legally insufficient, the intentional interference claim is legally insufficient as well.
Furthermore, exclusive malicious motivation is an essential element of a claim of tortious interference with prospective business advantage. (Sharma v Skaarup Ship Mgt. Corp., 699 F Supp 440, affd 916 F2d 820; Burba v Rochester Gas & Elec. Corp., 139 AD2d 939.)
In this case, since plaintiff’s complaint alleges that defendant, CPI, is an active competitor of plaintiff, plaintiff will not be able to prove that defendants acted with exclusive malicious motivation.
Accordingly, plaintiff’s fourth cause of action is dismissed.