■ GRACE S.C. YU, Respondent, v LUIS FORERO et al., Defendants, and FLORALBA BURBANO, Appellant.—In an action, *inter alia,* to recover damages for intentional interference with contractual relations, the defendant Floralba Burbano appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Di Tucci, J.), dated February

16, 1990, as denied that branch of her motion which was for summary judgment dismissing the complaint insofar as it is asserted against her and that branch of her motion which was to dismiss the complaint insofar as it asserted against her pursuant to CPLR 1001, for failing to join a necessary party.

Ordered that the order is affirmed insofar as appealed from, with costs.

A cause of action to recover damages for intentional interference with contractual relations requires proof of the existence of a valid contract between the plaintiff and a third party, the defendant's knowledge of that contract, the defendant's intentional procurement of a breach of that contract by the third party without justification, an actual breach of the contract, and damages caused by the breach (see, Click Model Mgt. v Williams, 167 AD2d 279, 280; Giannelli v St. Vincent's Hosp. & Med. Ctr., 160 AD2d 227, 232; Burba v Rochester Gas & Elec. Corp., 139 AD2d 939). In order to defeat a motion for summary judgment, the plaintiff was required to produce admissible proof that would require a trial of the material questions of fact upon which her claim rests or tender an acceptable excuse for her failure to do so (see, Alvarez v Prospect Hosp., 68 NY2d 320; Zuckerman v City of New York, 49 NY2d 557, 562). In the instant action, the plaintiff and her attorney submitted affidavits and affirmations alleging that the appellant, who purchased certain real property from the defendant Luis Forero, while it was allegedly under contract of sale to the plaintiff, had knowledge of the plaintiff's contract of sale because Security Title and Guaranty Company was the title company utilized by both the plaintiff and the appellant. Indeed, the appellant did not order her own title report but rather relied on the title report ordered by the plaintiff, which referred to the plaintiff as the proposed purchaser and insured. In addition, the plaintiff and her attorney claimed that this evidence was in the exclusive knowledge of the appellant and her attorney. Although the appellant and her attorney have both received notice to take depositions, neither had as of yet been deposed at the time the motion for summary judgment was decided. It is well settled that where a party is unable to effectively oppose a motion for summary judgment because the evidence needed is within the exclusive knowledge of the moving party, the court may deny the motion, without prejudice, or refrain from ruling on the motion pending further disclosure (see, CPLR 3212 [f]; Classic Moments Co. v Akata, 176 AD2d 567, Denkensohn v Davenport, 130 AD2d 860, 861). Accordingly, we find that the denial

of summary judgment was particularly appropriate here, as the information necessary to oppose the summary judgment motion, *i.e.,* whether the appellant had knowledge of and intentionally interfered with the plaintiff's contract with the seller, was exclusively within the appellant's knowledge.

Nor do we find that the court erred in denying the appellant's application to dismiss the complaint for failure to join a necessary party *(see,* CPLR 1001 [a]; 1003). Although Forero, the seller, was named a party defendant, he was never served. The appearance of the seller in this action to recover damages for intentional interference with contractual relations was not necessary in order to accord complete relief between the plaintiff and the appellant *(see, Amev Capital Corp. v Kirk,* 172 AD2d 714). Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.