■ ROBIN F. VAN DYKE et al., as Administrators of the Estate of DAVID B. FINLAY, Deceased, Respondents, v JOHN D. ALDERMAN et al., Respondents, and MODJESKI & MASTERS, Appellant. [606 NYS2d 441] —Cardona, P. J. Appeal from an order of the Supreme Court (Bradley, J.), entered April 2, 1993 in Ulster County, which, *inter alia,* denied a motion by defendant Modjeski & Masters for summary judgment dismissing the complaint and all cross claims against it.

This personal injury and wrongful death action arises from a motorcycle-automobile collision on the Mid-Hudson Bridge in Ulster County. On August 3, 1990, the motorcycle operated by decedent, David B. Finlay, and the automobile operated by defendant John D. Alderman and owned by defendant Gwen R. Alderman were traveling in a westerly direction along the west approach to the bridge. The Alderman vehicle turned left and attempted to make a U-turn in front of decedent's motorcycle, causing a collision. Decedent was propelled through an opening in the dividing guardrail between the westbound and eastbound lanes and struck by the oncoming vehicle operated by defendant Mark C. Kohler, thereby suffering fatal injuries.

At the time of the accident, the Mid-Hudson Bridge was undergoing rehabilitative construction (hereinafter the project). The project had been undertaken by defendant New York State Bridge Authority (hereinafter the Authority) with defendant Modjeski & Masters (herein M&M) acting as the design consultant, defendant Steinman Boynton, Gronquist and Birdsall (hereinafter Steinman) acting as the project construction engineer, and defendant Callanan Industries, Inc. acting as the project contractor. Following joinder and prior to discovery, M&M moved for summary judgment dismissing the complaint and all cross claims against it, maintaining that its design plan (which it alleges did not provide for any guardrail openings) was not defective, that it had no duty to supervise or control the construction or ensure compliance with its

plans, and that it did not render any design advice regarding an opening in the median barriers. Supreme Court, finding questions of fact concerning M&M's design, supervision and control of the construction, denied M&M's motion without prejudice to renewal pending completion of discovery. M&M appeals. We affirm.

The evidence submitted by M&M in support of its motion rested largely upon the affidavits of its two employees. These employees averred that the final design plans made no provision for an isolated opening in the median barriers at any point during construction, that M&M's construction support services were limited to advice upon specific request from Steinman or the Authority, that no advice had been given with respect to the opening in the median barrier and that their design plan for the project was not defective.

Contrary to M&M's contentions, we find that there is a question of fact as to whether M&M was responsible for designing the subject opening in the guardrail, or, at a minimum, was aware of its existence and failed to supervise the opening to ensure that traffic would be protected. M&M was responsible for the design of the median barrier separating opposing traffic and the protection of traffic during the contract work. Steinman's resident engineer averred that the subject opening was necessary in order to remove and haul away the dirt and debris resulting from the excavation of underdrains designed by M&M. M&M's statements offered in explanation of its design and supervisory responsibilities raise the issue of the affiants' credibility which should be resolved by a jury (see, Denkensohn v Davenport, 130 AD2d 860).

Furthermore, it should be noted that we find no contract language in the "Design Consultant Agreement" specifically exculpating M&M from supervisory responsibility over construction methods (see, Jewish Bd. of Guardians v Grumman Allied Indus., 96 AD2d 465, affd 62 NY2d 684). Thus, there is a factual question concerning the extent, if any, of M&M's contractual obligation to supervise the work performed. The existence of these genuine triable issues of fact preclude a grant of summary judgment (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324).

Mikoll, Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.