■ GERALDINE ZEFF et al., Appellants, v RICHARD WEISSMAN et al., Respondents. [619 NYS2d 113] —In an action to recover damages, inter alia, for tortious interference with a trust, the plaintiffs appeal, as limited by oral argument, from so much of an order of the Supreme Court, Queens County (Smith, J.), dated April 12, 1993, as granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the defendants' motion to dismiss the first, third, and fourth causes of action in the complaint and substituting therefor a provision denying those branches of the defendants' motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.

The plaintiffs Geraldine Zeff, Joyce Schwartz, and Steven Schwartz, the daughters and grandson, respectively, of Norma Gelfond, allege that, in June 1992, Gelfond added Zeff as cosignatory and joint tenant to all of her bank accounts with the intent of creating a trust for her own benefit with Zeff as trustee. In August 1992 Gelfond commenced an action (herein-

after the Gelfond action) alleging, *inter alia,* that the plaintiffs herein had converted her assets for their own use.

Thereafter, the plaintiffs commenced this action against Mildred Weissman, who is a third daughter of Gelfond, Mildred Weissman's husband Richard Weissman, and their two daughters. The plaintiffs allege, *inter alia,* that the defendants have tortiously interfered with the trust by exercising undue influence over Gelfond.

The defendants moved pursuant to CPLR 3211 (a) (7) to dismiss all five causes of action in the complaint. The Supreme Court granted the defendants' motion in its entirety.

The allegations of the first cause of action were sufficient to plead the creation of, and interference with, a trust *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183; *Brown v Spohr,* 180 NY 201, 209). Contrary to the conclusion of the Supreme Court, Gelfond is not a necessary party to this action *(see, Yu v Forero,* 184 AD2d 506).

We also disagree with the Supreme Court's conclusion that the allegations of the second cause of action, for injurious falsehood, lacked sufficient specificity. To the extent that this cause of action is based on Richard Weissman's statements to certain bank personnel, the complaint is as specific as can be expected *(see, Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187, 194; *Mattera v Mattera,* 125 AD2d 555, 557). The cause of action is nonetheless deficient, as the plaintiffs' allegation that they have been denied access to the funds which are the subject of the alleged trust is insufficient to allege special damages *(see, Waste Distillation Technology v Blasland & Bouck Engrs.,* 136 AD2d 633, 634).

As to the third and fourth causes of action, for undue influence and breach of fiduciary duty, respectively, the Supreme Court erred in concluding that only Gelfond could assert these causes of action. As beneficiaries of the alleged trust, the plaintiffs had standing to bring these causes of action *(see, e.g., Matter of Wadsworth,* 158 AD2d 919).

The Supreme Court properly dismissed the plaintiffs' fifth cause of action, for intentional infliction of emotional distress, as the alleged conduct was not sufficiently extreme or outrageous to support such a cause of action *(see, Fischer v Maloney,* 43 NY2d 553). Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.