■ ASTON MORRIS et al., Respondents, v MELVIN GOLDSTEIN, Defendant, and FRED M. AINSLEY, Appellant. [636 NYS2d 415] —In an action to recover damages for fraud, the defendant Fred M. Ainsley appeals from an order of the Supreme Court, Nassau County (DeMaro, J.), dated October 28, 1994, which denied his motion for summary judgment and to dismiss the complaint insofar as it is asserted against him without prejudice to renew the motion.

Ordered that the order is affirmed, with costs.

It is well settled that when a party is unable to effectively oppose a motion for summary judgment because the evidence needed to do so is within the exclusive knowledge of the moving party, the court may deny the motion, without prejudice, or refrain from ruling on the motion pending further disclosure (*see,* CPLR 3212 [f]; *Yu v Forero,* 184 AD2d 506; *Classic Mo-*

*ments Co. v Akata*, 176 AD2d 567; *Denkensohn v Davenport*, 130 AD2d 860). Under the circumstances of this case, the Supreme Court properly denied the branch of the appellant's motion which was for summary judgment since the information concerning the appellant's relationship with the defendant Melvin Goldstein is within the exclusive knowledge of the defendants.

With respect to the branch of the appellant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the Supreme Court granted the plaintiff's motion to file an amended complaint that superseded the original complaint. Thus, the issue is academic (*see, Chalasani v Neuman*, 64 NY2d 879). Mangano, P. J., Miller, Copertino, Santucci and Hart, JJ., concur.