(March 18, 1997)

■ MBL LIFE ASSURANCE CORPORATION, Respondent, v SHORENSTEIN Co., Respondent, and JOHN J. FLYNN, P.E., Appellant, et al., Defendants. [654 NYS2d 763] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered November 3, 1995, which, *inter alia*, denied defendant's motion for summary judgment dismissing the complaint and all cross claims against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint and all cross claims against defendant John J. Flynn, P.E.

This action arises from alleged malfeasance in connection with the construction of a parking garage for plaintiff MBL Life Assurance ("MBL"). Insofar as the complaint relates to defendant-appellant, John J. Flynn, P.E. ("Flynn"), it alleges that he breached a contractual obligation to oversee construction of the garage.

Flynn moved for summary judgment dismissing the complaint based on his assertion that he was engaged to work on the project, that he duly prepared a survey, a set of specifications, a bid form and drawings but that, after these services were rendered and before construction commenced, his involvement with the project was terminated and he received no further compensation. By way of additional proof, Flynn submitted his accounts receivables ledger demonstrating that he rendered no services on the project after July 21, 1988, which was prior to the commencement of construction.

MBL opposed summary judgment on the ground that the facts concerning Flynn's involvement in the project were unknown to MBL and exclusively within Flynn's knowledge. The IAS Court denied the motion on that ground and ordered the parties to proceed to discovery.

We find that summary judgment should have been granted. Where pertinent facts essential to justify opposition to a motion for summary judgment are exclusively within the knowledge and control of the movant, and may be revealed through discovery, summary judgment should be denied (*see*, CPLR 3212 [f]; *Classic Moments Co. v Akata*, 176 AD2d 567). However, in this matter, the evidence submitted by MBL in opposition to Flynn's motion included proof that its vice-president, whose office is located at the site of the parking garage project, had authority to approve contracts and authorize payments in connection with the project and that all such payments and contracts were submitted to him for approval. Under these circumstances, there is no basis to find that MBL is without the means to determine whether there was any involvement by Flynn in the project during the construction phase. Since MBL was clearly possessed of information regarding Flynn's involvement, or lack thereof, in the project, and since it failed to set forth any of that information in opposition to the motion for summary judgment, we find that the motion should have been granted.

We note that MBL's alternative argument that summary judgment should be denied because there are questions of fact as to whether the specifications prepared by Flynn were inadequate is based on a theory of recovery which was never pleaded

in the complaint (*see, Lefft v Canada Life Assur. Co.*, 40 AD2d 641). Even were this argument to be considered, MBL's failure to come forth with an expert's affidavit in support of such ground would, in any event, warrant summary judgment. Concur—Murphy, P. J., Rosenberger, Ellerin and Nardelli, JJ.