■ HARBANS LAL GERA, Respondent, v ALL-PRO ATHLETICS, INCORPORATED, Appellant, et al., Defendant. [870 NYS2d 87]—

On October 30, 2003 the plaintiff purchased a 30% interest in nonparty Baseball Heaven, LLC (hereinafter BBH), and loaned BBH the sum of approximately $2.3 million. As of that date, BBH's members were nonparty Andrew Borgia, who held a 40% interest and was also BBH's chief executive officer, the plaintiff, and the defendant All-Pro Athletics, Incorporated (hereinafter All-Pro), which, like the plaintiff, also held a 30% interest in BBH. As part of the plaintiff's approximately $2.3 million loan to BBH, All-Pro executed, inter alia, a pledge agreement in which it pledged its 30% membership interest in BBH as security for BBH's repayment of up to 70% of the principal and interest due under certain promissory notes executed in connection with the transaction. Also as part of the loan, Borgia, BBH's chief executive officer, and Paul Corace, All-Pro's owner, executed a security agreement in which they personally guaranteed repayment of 70% of the principal and interest due on the notes executed in connection with the transaction. BBH later defaulted on its obligation under the notes and the plaintiff commenced this action seeking, in his first cause of action, a judgment declaring that he is entitled to All-Pro's pledged membership certificates and directing the pledge agent, the defendant Dervinder Singh, as escrowee, to release All-Pro's pledged certificates to him. After joinder of issue, but before any discovery commenced, the plaintiff moved for summary judgment on the complaint, inter alia, declaring that he is entitled to the disputed membership certificates. All-Pro opposed the motion, arguing that summary judgment was premature and that, in any event, on this record, issues of fact existed. The Supreme Court, inter alia, awarded the plaintiff summary judgment on his first cause of action. We reverse the order insofar as appealed from.

In order to establish its entitlement to judgment as a matter of law in an action to recover under a guaranty, a movant must submit proof of the existence of the loan, promissory notes, and guaranty, and proof of default (*see Suffolk County Natl. Bank v Columbia Telecom. Group, Inc.,* 38 AD3d 644, 645 [2007]; *Quest Commercial, LLC v Rovner,* 35 AD3d 576 [2006]). Similarly, in an action to foreclose a security agreement, the movant must

submit proof of the existence of the loans, notes, and security agreement, and proof of default (*see First City Natl. Bank & Trust Co. v Heaton*, 165 AD2d 710, 712 [1990]). Here, in support of his motion, the plaintiff submitted evidence of the existence of the loan agreement, a pledge agreement executed by All-Pro, and the promissory notes, and evidence of BBH's default. Accordingly, the plaintiff met his initial burden (*see Suffolk County Natl. Bank v Columbia Telecom. Group, Inc.*, 38 AD3d at 645; *Quest Commercial, LLC v Rovner*, 35 AD3d at 576; *First City Natl. Bank & Trust Co. v Heaton*, 165 AD2d at 712).

However, under the circumstances, including the fact that All-Pro has thus far been deprived of an opportunity to review BBH's records, awarding the plaintiff summary judgment on his first cause of action was premature, since discovery may disclose that issues of fact exist as to whether, for example, BBH paid the loans in whole or in part (*see* CPLR 3212 [f]; *Salm v Feldstein*, 20 AD3d 469 [2005]; *Morris v Goldstein*, 223 AD2d 582 [1996]; *cf. Hanneford Circus v Cabar Circus Promotions*, 201 AD2d 456, 457 [1994]). Skelos, J.P., Santucci, McCarthy and Dickerson, JJ., concur. [*See* 2007 NY Slip Op 32344(U).]