■ BENNELL HANOVER ASSOCIATES, Respondent, v VERNA B. NEILSON, Appellant. [627 NYS2d 439] —In an action to recover on a promissory note in which the plaintiff moved for summary judgment pursuant to CPLR 3213, the defendant appeals from a judgment of the Supreme Court, Westchester County (Colabella, J.), entered October 22, 1993, which, upon an order of the same court, entered August 5, 1993, granting the plaintiff's motion for summary judgment and denying the defendant's cross motion for summary judgment, a stay of the action, or a stay of any judgment entered in the action, inter alia, is in favor of the plaintiff in the principal sum of

$100,000. The defendant's notice of appeal from the order entered August 5, 1993, is deemed a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

We agree with the plaintiff that the promissory note sued on was an instrument for the payment of money only within the meaning of CPLR 3213 *(see, Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, 137, *affd* 29 NY2d 617; *N & M Plumbing & Heating Corp. v Cenacle Props.,* 171 AD2d 653). In support of its motion for summary judgment in lieu of a complaint *(see,* CPLR 3213), the plaintiff established prima facie its entitlement to judgment as a matter of law by producing the promissory note executed by the parties and demonstrating that the defendant had defaulted thereon *(see, Silber v Muschel,* 190 AD2d 727; *Mlcoch v Smith,* 173 AD2d 443, 444). The defendant failed to deny that her signature on the note is not genuine, and, thus, she is precluded from challenging it *(see,* CPLR 3015 [d]; *Marine Midland Bank v Mattioli,* 180 AD2d 406).

To preclude the plaintiff from enforcing the terms of the note, it became incumbent upon the defendant to establish, by admissible evidence, that a triable issue of fact existed *(see, Brown Plastics Mach. v Rolex Plastics,* 191 AD2d 537; *Silber v Muschel, supra,* 190 AD2d, at 728; *Faustini v Darth Provisions Co.,* 131 AD2d 809, 810). Although the defendant alleged that there were valid affirmative defenses, including fraud in the inducement and lack of consideration, those allegations amounted to no more than unsupported, conclusory assertions which were not sufficient to defeat the motion *(see, Bank Leumi Trust Co. v Rattet & Liebman,* 182 AD2d 541; *Green v Darwish,* 171 AD2d 644, 645; *Fidelity N. Y. v Hanover Cos.,* 148 AD2d 577; *Ihmels v Kahn,* 126 AD2d 701, 702).

We find that the branches of the defendant's cross motion which were for a stay of the action or a stay of the enforcement of a judgment in the instant action were properly denied. There was no identity of issues *(see, Hope's Windows v Albro Metal Prods. Corp.,* 93 AD2d 711) or of parties, in a related Federal action *(see, Abrams v Xenon Indus.,* 145 AD2d 362; *Glatzer v Scappatura,* 99 AD2d 505) which would warrant the granting of a stay. The defendant's unsubstantiated allegations that the general partner of the plaintiff partnership was dominated and controlled by the defendants in the Federal action were insufficient to establish an identity of issues or parties *(see,* CPLR 2201, 3211 [a] [4]). Miller, J. P., Pizzuto, Joy and Krausman, JJ., concur.