■ KOWALSKI ENTERPRISES, INC., et al., Appellants, v SEM INTERNATIONAL L. L. C., Doing Business as RK INTERNATIONAL INC., et al., Respondents. [672 NYS2d 427] —In an action, *inter alia,* to recover on a promissory note and a guarantee, the plaintiffs appeal from an order of the Supreme Court, Kings County (Held, J.), entered April 28, 1997, which denied their motion for partial summary judgment on the first cause of action for nonpayment of the promissory note and guarantee.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is granted, and the matter is remitted for a determination of the amount due and owing under the promissory note and guarantee.

Under the circumstances of this case, the plaintiffs proved their entitlement to judgment as a matter of law by submitting, in support of their motion, proof of the promissory note and guarantee and of the defendants' failure to make the payments provided by the terms of the note and guarantee (*see, North Fork Bank v Hamptons Mist Mgt. Corp.,* 225 AD2d 595, 596; *Governor & Co. v Dromoland Castle,* 212 AD2d 759; *Gateway State Bank v Shangri-La Private Club for Women,* 113 AD2d 791, *affd* 67 NY2d 627). Accordingly, it was incumbent upon the defendants to come forward with proof in admissible form of the existence of triable issues of fact (*see, North Fork Bank v Hamptons Mist Mgt. Corp., supra; Gateway State Bank v Shangri-La Private Club for Women, supra*). However, the defendants' unsubstantiated and conclusory allegations failed to raise triable issues of fact, and, therefore, the court

should have granted the plaintiffs' motion (*see, North Fork Bank v Hamptons Mist Mgt. Corp., supra; Elmsford-Interstate Bldg. Material Corp. v Elm Ridge Mgt.,* 243 AD2d 675; *Colonial Commercial Corp. v Breskel Assocs.,* 238 AD2d 539; *Grammas Assocs., Architectural & Eng'g Servs. v Erhlich,* 229 AD2d 517). Rosenblatt, J. P., Ritter, Krausman and Goldstein, JJ., concur.