■ DORIS O. HESTNAR, Respondent-Appellant, v NOEL R. SCHETTER, Appellant-Respondent. [728 NYS2d 479] —In an action

to recover on three promissory notes brought by motion for summary judgment in lieu of a complaint pursuant to CPLR 3213, the defendant appeals from (1) an order of the Supreme Court, Dutchess County (Hillery, J.), dated February 29, 2000, which granted the motion, and (2) a judgment of the same court, dated March 28, 2000, which is in favor of the plaintiff and against him in the principal sum of $76,026.27, and the plaintiff cross-appeals, as limited by her brief, from so much of the same judgment as failed to award her interest calculated from the date payment was demanded until the date of the judgment, and an award of an attorney's fee. The defendant's notice of appeal from the order dated February 29, 2000, is also deemed to be a notice of appeal from the judgment (see, CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by adding provisions thereto granting the plaintiff interest calculated from the date payment was demanded until the date of the judgment, and an award of an attorney's fee; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Dutchess County, to compute the interest due and for a hearing to determine the amount of the attorney's fee to be awarded to the plaintiff; and it is further,

Ordered that the plaintiff is awarded two bills of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal and the cross appeal from the judgment (see, CPLR 5501 [a] [1]).

The plaintiff brought this action to recover payment on three promissory notes that the defendant guaranteed. The plaintiff made out a prima case by establishing the existence of the notes and the defendant's failure to make payments as called for by their terms (see, Interman Indus. Prods. v R. S. M. Electron Power, 37 NY2d 151; Gross v Fruchter, 230 AD2d 710; Grammas Assocs., Architectural & Eng'g Servs. v Ehrlich, 229 AD2d 517; Bennell Hanover Assocs. v Neilson, 215 AD2d 710, 711; Vernon v Winikoff, 182 AD2d 753). The burden then shifted to the defendant to establish by admissible evidence the existence of a triable issue of fact (see, Grammas Assocs., Architectural & Eng'g Servs. v Ehrlich, supra; Bennell Hanover Assocs. v Neilson, supra). The defendant's assertions that no

consideration was given for two of the notes and that full payment had been made under all of the notes were merely unsupported conclusory allegations which were insufficient to defeat the plaintiff's motion (*see, Grammas Assocs., Architectural & Eng'g Servs. v Ehrlich, supra*).

The Supreme Court erred, however, in failing to award the plaintiff interest on the three notes from the date she demanded payment until the date of the judgment. Where a note provides for a specified interest rate, that rate shall be applied (*see,* Uniform Commercial Code § 3-122 [4]). If a note does not have an interest provision, but is payable on demand, interest accrues from the date of the demand (*see, Van Vliet v Kanter,* 139 App Div 603), and the rate of interest to be applied is the statutory rate for a judgment (*see,* Uniform Commercial Code § 3-118 [d]; § 3-122 [4]). The first note, payable on demand, provided that interest be paid on the note at a specified rate. The second and third notes were payable on demand but did not include an interest provision. Accordingly, the Supreme Court erred in failing to award interest on all three notes from the date payment was demanded until the date of the judgment.

The second and third notes provided that the plaintiff would be entitled to the reasonable costs of collection, including an attorney's fee, in the event she brought an action to collect payment. Thus, the Supreme Court erred in failing to hold a hearing to determine the amount of the attorney's fee to be awarded (*see,* Uniform Commercial Code § 3-106; *see also, Coniglio v Regan,* 186 AD2d 708). Ritter, J. P., Friedmann, H. Miller and Townes, JJ., concur.