■ QUEST COMMERCIAL, LLC, Appellant, v BRETT ROVNER, Respondent. [825 NYS2d 766]—

In an action to recover on a promissory note brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Nassau County (Mahon, J.), entered March 30, 2006, which denied the motion.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment.

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law by proving the existence of the subject note and nonpayment according to its terms (*see Neuhaus v McGovern*, 293 AD2d 727, 728 [2002]; *Hestnar v Schetter*, 284 AD2d 499, 500 [2001]; *Simoni v Time-Line, Ltd.*, 272 AD2d 537, 538 [2000]; *Bennell Hanover Assoc. v Neilson*, 215 AD2d 710, 711 [1995]). The burden then shifted to the defendant to establish by admissible evidence the existence of a triable issue of fact with respect to a bona fide defense (*see Hestnar v Schetter, supra; Naugatuck Sav. Bank v Gross*, 214 AD2d 549 [1995]). In opposition, the defendant raised defenses of forgery, duress, and fraud, and asserted a claim for setoff. However, in the note, which the defendant never expressly denied signing, he validly waived all defenses, counterclaims, and setoffs, except the defense of payment (*see Bank of Suffolk County v Kite*, 49 NY2d 827, 828 [1980]; *Fleck v Bank of Suffolk*

*County*, 67 AD2d 676 [1979]). In any event, all of these supposed defenses were supported only by the defendant's conclusory allegations which were insufficient to defeat the plaintiff's motion (*see JPMorgan Chase Bank v Gamut-Mitchell, Inc.*, 27 AD3d 622, 623 [2006]; *Gubitz v Security Mut. Life Ins. Co. of N.Y.*, 262 AD2d 451, 452 [1999]; *Jae Heung Yoo v Se Kwang Kim*, 289 AD2d 451, 452 [2001]; *Badenhop v Badenhop*, 271 AD2d 386, 387 [2000]). Further, in reply to the defendant's assertions regarding the commissions he was allegedly owed, the plaintiff provided an accounting showing, after crediting the defendant with all of his commissions, that there still was a balance due on the note in the amount of $38,056.08 (*see Simoni v Time-Line, Ltd., supra*).

The defendant's remaining contentions are without merit. Miller, J.P., Ritter, Santucci and Lunn, JJ., concur.