■ CLAUDE VERELA, Respondent, v CITRUS LAKE DEVELOPMENT, INC., et al., Appellants. [862 NYS2d 96]—

In an action to recover on a promissory note and guaranty brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants appeal from a judgment of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered May 15, 2007, which, upon an order of the same court dated April 4, 2007, granting the plaintiff's motion for summary judgment in lieu of complaint, is in favor of the plaintiff and against them in the principal sum of $250,000.

Ordered that the judgment is affirmed, with costs.

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law by establishing the existence of a note and guaranty and the defendants' failure to make payments according to their terms (*see Famolaro v Crest Offset, Inc.*, 24 AD3d 604, 604-605 [2005]; *Hestnar v Schetter,* 284 AD2d 499, 500 [2001]; *Kowalski Enters. v Sem Intl.,* 250 AD2d 648 [1998]; *Haselnuss v Delta Testing Labs.,* 249 AD2d 509 [1998]). "The burden then shifted to the defendant[s] to establish by admissible evidence the existence of a triable issue of fact with respect to a bona fide defense" (*Quest Commercial, LLC v Rovner,* 35 AD3d 576 [2006]; *see Kowalski Enters. v Sem Intl.,* 250 AD2d at 648). The defendants' conclusory and unsupported assertion that no consideration was given at the time the note and guaranty were executed was insufficient to defeat the plaintiff's motion (*see Hestnar v Schetter,* 284 AD2d at 500; *MDJR Enters. v LaTorre,* 268 AD2d 509, 510 [2000]; *J.A. Grammas Assoc., Architectural & Eng'g Servs. v Ehrlich,* 229 AD2d 517 [1996]). The defendants' further assertion that they believed the note and guaranty did not constitute a loan but instead memorialized an agreement between the parties regarding an alleged land development project in Florida was also insufficient to raise a triable issue of fact. The assertion was vague, unsubstantiated, and conclusory and, indeed, belied by the fact that the defendants made the interest-only payments provided for in the note for almost one year prior to their default thereon, thus demonstrating their intent that the note was valid and effective (*see Thomson v Rubenstein,* 31 AD3d 434, 436 [2006]).

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment in lieu of complaint and issued judgment thereon. Ritter, J.P., Miller, Dillon and McCarthy, JJ., concur.