■ Francis F. Usowski, Respondent, v All Tom R.V. Inc., Doing Business as Crestwood R.V. Center, et al., Defendants, and Bank of the West, Appellant. (And a Third-Party Action.) [899 NYS2d 650]—

In an action, inter alia, to recover damages for fraud, the defendant Bank of the West appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (R. Bellantoni, J.), entered June 2, 2009, as denied those

branches of its motion which were for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its counterclaim for possession of the subject vehicle.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant Bank of the West which were for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its counterclaim for possession of the subject vehicle are granted.

The defendant Bank of the West (hereinafter the defendant) established its prima facie entitlement to judgment as a matter of law by submitting an affidavit of its assistant vice-president and documentary evidence which demonstrated that it neither entered into any contract with nor made any representations to the plaintiff regarding his purchase or financing of the subject vehicle. In opposition, the plaintiff failed to raise a triable issue of fact (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Verela v Citrus Lake Dev., Inc.*, 53 AD3d 574, 575 [2008]; *Quest Commercial, LLC v Rovner*, 35 AD3d 576, 577 [2006]). The defendant also established its prima facie entitlement to judgment as a matter of law on its counterclaim for possession of the subject vehicle (see UCC 9-609; *Bank of India v Weg & Myers*, 257 AD2d 183, 191 [1999]; *Long Is. Trust Co. v Porta Aluminum*, 49 AD2d 579, 580 [1975]). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the motion was not premature (see CPLR 3212 [f]; *Kimyagarov v Nixon Taxi Corp.*, 45 AD3d 736, 737 [2007]; *Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]). Accordingly, the Supreme Court should have granted those branches of the defendant's motion which were for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its counterclaim for possession of the subject vehicle. Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.