■ SIGNATURE BANK, Appellant, v GALIT PROPERTIES, INC., et al., Respondents. [915 NYS2d 138]—

In an action to recover on a promissory note and an individual guaranty thereof, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered December 16, 2009, which denied its motion for summary judgment on the complaint.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint is granted.

The plaintiff bank demonstrated its prima facie entitlement to judgment as a matter of law on its complaint seeking to recover on a promissory note, and an individual guaranty thereof, by establishing "the existence of [the] note and guaranty and the defendants' failure to make payments according to their terms" (*Verela v Citrus Lake Dev., Inc.*, 53 AD3d 574, 575 [2008]; *see Gullery v Imburgio*, 74 AD3d 1022 [2010]; *Gera v All-Pro Athletics, Inc.*, 57 AD3d 726, 727 [2008]; *Quest Commercial, LLC v Rovner*, 35 AD3d 576 [2006]; *Hestnar v Schetter*, 284 AD2d 499, 500 [2001]; *J.A. Grammas Assoc., Architectural & Eng'g Servs. v Ehrlich*, 229 AD2d 517 [1996]). Contrary to the Supreme Court's conclusion, the existence and amount of the defendants' debt was demonstrated, prima facie, through the promissory note, the individual guaranty signed by the defendant Yaron Hershco, which acknowledged the underlying indebtedness, and the affidavit of an employee of the plaintiff. Furthermore, the plaintiff was not required to eliminate triable issues of fact regarding the defendants' purported default on the note in March 2009 because the promissory note at issue matured on April 2, 2009, at which point the debt became due according to the terms of the note. The complaint, filed on April 9, 2009, alleged that damages were incurred in the principal amount of the note on April 2, 2009, and this was the date from which the plaintiff sought interest.

"The burden then shifted to the defendant[s] to establish by admissible evidence the existence of a triable issue of fact with respect to a bona fide defense" (*Gullery v Imburgio*, 74 AD3d at 1022; *see Verela v Citrus Lake Dev., Inc.*, 53 AD3d at 575; *Hestnar v Schetter*, 284 AD2d at 500; *Quest Commercial, LLC v Rovner*, 35 AD3d at 576; *J.A. Grammas Assoc., Architectural & Eng'g Servs.*, 229 AD2d at 517). The defendants' claim that

there was a lack of full consideration for the loan was merely an unsupported conclusory allegation which was insufficient to defeat the plaintiff's motion (*see Gullery v Imburgio*, 74 AD3d at 1022; *see Hestnar v Schetter*, 284 AD2d at 500-501; *J.A. Grammas Assoc., Architectural & Eng'g Servs.*, 229 AD2d at 517).

The defendants' remaining contention is without merit.

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint. Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.