■ JPMorgan Chase Bank, N.A., Respondent, v Galt Group, Inc., Doing Business as Enhance Face & Body, et al., Appellants. [923 NYS2d 643]—

In an action to recover on a promissory note and unconditional personal guaranties, the defendants appeal from an order of the Supreme Court, Westchester County (Murphy, J.), entered March 17, 2010, which granted the plaintiff's motion for summary judgment on the complaint and dismissing the defendants' affirmative defenses and counterclaims.

Ordered that the order is affirmed, with costs.

The defendant Bonnie Eskow-Hagen is the president of the defendant Galt Group, Inc., doing business as Enhance Face & Body (hereinafter Galt). On October 8, 2003, Galt entered into an agreement with the plaintiff, JPMorgan Chase Bank, N.A. (hereinafter Chase), for a United States Small Business Administration loan (hereinafter the SBA Loan), pursuant to which Galt borrowed $400,000 for the purpose of purchasing, renovating, and operating a day spa in Hartsdale. Eskow-Hagen and her husband, the defendant Karl G. Hagen, both signed personal guaranties in connection with the loan. The day spa was forced to close in January 2008. Galt defaulted on the SBA Loan that month, and Chase commenced this action against Galt, Eskow-Hagen, and Hagen (hereinafter collectively the defendants) shortly thereafter.

Chase and the defendants entered into a forbearance agreement on April 7, 2008, pursuant to which the defendants agreed to make certain payments, and Chase agreed to forbear in the prosecution of this action. In a letter dated July 13, 2009, Chase informed the defendants that they had not made any forbearance payments since February 19, 2009, and advised them to serve an answer to the complaint. The defendants thereafter served an answer dated September 8, 2009.

Chase moved for summary judgment on the complaint and dismissing the affirmative defenses and counterclaims set forth in the answer, submitting, in support of the motion, inter alia, the relevant promissory notes and agreements. In opposition, the defendants submitted a series of e-mails which, they argued, demonstrated that they had entered into yet another agreement with Chase, by which Chase agreed to forbear from prosecuting this action while the defendants were given an apparently unlimited time to obtain a refinancing loan to pay off or pay down the SBA Loan. The Supreme Court granted Chase's motion in a for summary judgment. We affirm.

To make a prima facie showing of entitlement to judgment as a matter of law in an action to recover on a note, and on a guaranty thereof, a plaintiff must establish "the existence of a note and guaranty and the defendants' failure to make payments according to their terms" (*Verela v Citrus Lake Dev., Inc.*, 53 AD3d 574, 575 [2008]; *see Gullery v Imburgio*, 74 AD3d 1022 [2010]). Here, Chase submitted the SBA Loan documents, including the relevant promissory notes, the personal guaranties, and evidence of the defendants' default, which together established its prima facie entitlement to judgment as a matter of law on the complaint.

Once Chase established its prima facie entitlement to judg-

ment as a matter of law, "[t]he burden then shifted to the defendant [s] to establish by admissible evidence the existence of a triable issue of fact with respect to a bona fide defense" (*Gullery v Imburgio*, 74 AD3d at 1022; *see Verela v Citrus Lake Dev., Inc.*, 53 AD3d at 575). The defendants did not contest the validity of any of the agreements, notes, or guaranties, nor did they dispute that they were in default. Instead, they submitted certain e-mails into evidence, and argued that they had entered into yet another agreement with Chase—a payoff/paydown agreement—by which Chase agreed to refrain from prosecuting the instant action while the defendants were given an apparently unlimited time to obtain a refinancing loan. Contrary to their contention, however, the Supreme Court correctly concluded that the e-mails contained no evidence of any such agreement between Chase and the defendants. The Supreme Court, therefore, properly granted Chase's motion for summary judgment on the complaint and dismissing the defendants' affirmative defenses and counterclaims.

In view of the foregoing, we do not address Chase's remaining arguments. Rivera, J.P., Skelos, Florio and Austin, JJ., concur.