IMPERIAL CAPITAL BANK, Plaintiff/Counterclaim Defendant-Appellant, v 11-13-15 OLD FULTON D, LLC, et al., Respondents, and 11-13-15 OLD FULTON N, LLC, Defendant/Counterclaim Plaintiff-Respondent. ROBERT YIU et al., Additional Counterclaim Defendants-Appellants. [930 NYS2d 267]—

In this action to recover on a promissory note and an individual guaranty thereof, the plaintiff/counterclaim defendant, Imperial Capital Bank (hereinafter Imperial), jointly with the additional counterclaim defendants Robert Yiu, Bach Yen Cheryl Ta, John Drennan, Ruth Nebo, and Brian Benson, moved, inter alia, for summary judgment on the complaint. Imperial demonstrated its prima facie entitlement to judgment as a matter of law by establishing the existence of the note and the guaranty, and the defendants' failure to make payments according to the terms of those documents (hereinafter the loan documents) (*see Signature Bank v Galit Props., Inc.*, 80 AD3d 689 [2011]; *Gullery v Imburgio*, 74 AD3d 1022 [2010]; *Verela v Citrus Lake Dev., Inc.*, 53 AD3d 574, 575 [2008]; *Northport Car Wash, Inc. v Northport Car Care, LLC*, 52 AD3d 794 [2008]; *Governor & Co. of Bank of Ireland v Dromoland Castle*, 212 AD2d 759 [1995]). Since Imperial satisfied its initial burden, "[t]he burden then shifted to the defendant[s] to establish by admissible evidence the existence of a triable issue of fact with respect to a bona fide defense" (*Gullery v Imburgio*, 74 AD3d at 1022; *see Signature Bank v Galit Props., Inc.*, 80 AD3d at 689; *Verela v Citrus Lake Dev., Inc.*, 53 AD3d at 575). The defendants failed to do so. Accordingly, the Supreme Court should have granted that branch of Imperial's motion, made jointly with the additional counterclaim defendants, which was for summary judgment on the complaint.

In the same motion, Imperial and the additional counterclaim defendants also moved pursuant to CPLR 3211 (a) to dismiss the counterclaims of the defendant 11-13-15 Old Fulton N, LLC, that were asserted against them. The Supreme Court should have granted that branch of the motion which was pursuant to CPLR 3211 (a) to dismiss the first counterclaim based on the doctrine of promissory estoppel (*see generally AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 20-21 [2008]; *NGR, LLC v General Elec. Co.*, 24 AD3d 425 [2005]), but only to the extent that the first counterclaim was premised on conduct occurring before the execution of the loan documents. To the extent that the first counterclaim was premised on conduct occurring before the execution of the loan documents, there could be no reason-

able reliance on any promise to provide a subsequent construction loan in light of the merger and waiver-of-defense provisions in the loan documents. However, these contractual provisions do not preclude reasonable reliance on promises made after the loan documents were executed (*cf. National Oil Well Maintenance Co. v Fortune Oil & Gas, Inc.*, 2004 WL 1886293, 2004 US Dist Lexis 16765 [SD NY 2004]). Also, the Supreme Court should have granted that branch of the motion which was pursuant to CPLR 3211 (a) to dismiss the second counterclaim alleging fraud (*see generally Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]), but only to the extent that the second counterclaim was premised on conduct occurring before the execution of the loan documents. To the extent that the second counterclaim was premised on conduct occurring before the execution of the loan documents, it was not pleaded with the requisite particularity mandated by CPLR 3016 (b). Further, the Supreme Court should have granted those branches of the motion which were pursuant to CPLR 3211 (a) to dismiss the third counterclaim alleging a breach of contract (*see Jaymer Communications, Inc. v Associated Locksmiths of Am., Inc.*, 84 AD3d 888 [2011]), and the fifth counterclaim alleging a violation of General Business Law § 349 (*see Shaw v Club Mgrs. Assn. of Am., Inc.*, 84 AD3d 928 [2011]).

Although the remaining counterclaims are viable, the plaintiff's foreclosure cause of action is not so inextricably interwoven with those counterclaims as to preclude an award of summary judgment to the plaintiff on that cause of action (*see Fleet Bank v Pine Knoll Corp.*, 290 AD2d 792, 794 [2002]; *Banco do Estado de Sao Paulo v Mendes Jr. Intl. Co.*, 249 AD2d 137, 138 [1998]; *see also Malsin v Stockman*, 265 AD2d 533 [1999]). Rivera, J.P., Florio, Leventhal and Roman, JJ., concur.