In an action to recover on a promissory note and personal guaranty, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated May 1, 2012, which denied its motion for summary judgment on the complaint.
*844 Ordered that the order is affirmed, with costs.
“To make a prima facie showing of entitlement to judgment as a matter of law in an action to recover on a note, and on a guaranty thereof, a plaintiff must establish ‘the existence of a note and guaranty and the defendants’ failure to make payments according to their terms’ ” (JPMorgan Chase Bank, N.A. v Galt Group, Inc., 84 AD3d 1028, 1029 [2011], quoting Verela v Citrus Lake Dev., Inc., 53 AD3d 574, 575 [2008]).
Here, while the plaintiff submitted the promissory note and guaranty in support of its motion for summary judgment on the complaint, the plaintiff failed to establish that the defendants had an obligation to make payments towards the principal which they failed to discharge. Significantly, the note does not contain a maturity date upon which the principal is due, nor does it contain an acceleration clause, which would, for instance, make the entire principal and accrued interest payable upon any default in payment of the interest (cf. Superior Fid. Assur., Ltd. v Schwartz, 69 AD3d 924, 925-926 [2010]). Consequently, the plaintiff did not satisfy its prima facie burden of establishing its entitlement to judgment as a matter of law with respect to that branch of its motion relating to the remaining balance of the principal (see Frankini v Landmark Constr. of Yonkers, Inc., 91 AD3d 593, 594 [2012]). Since the plaintiff failed to meet its prima facie burden in this regard, that branch of the motion was properly denied, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
The note does state, however, that interest at the rate of 15% is due and payable every month until the principal is paid. While the plaintiff met its prima facie burden of establishing its entitlement to judgment as a matter of law with respect to unpaid interest at the rate of 15%, the defendants raised triable issues of fact as to whether the interest rate had been modified by oral agreement on September 1, 2009, and whether a $10,000 payment made by the defendants was intended to be applied to the unpaid interest or unpaid principal. While the note contained a clause prohibiting oral modification, the defendants submitted evidence demonstrating partial performance of the alleged oral agreement (see Zipser v Zipser, 244 AD2d 548 [1997]).
The plaintiffs remaining contention does not warrant a contrary conclusion.
Under these circumstances, the Supreme Court properly denied the plaintiffs motion. Skelos, J.E, Leventhal, Hall and Sgroi, JJ., concur.