■ SDF 19 Linden, LLC, as Assignee of Woori America Bank, Respondent, v Global Universal Group Ltd., Appellant, et al., Defendants. [20 NYS3d 597]—

In an action to foreclose a mortgage, the defendant Global Universal Group Ltd. appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), dated October 25, 2013, which granted the plaintiff's motion, inter alia, for summary judgment on the complaint, denied its cross motion for summary judgment dismissing the complaint, and, thereupon, amended the caption by substituting SDF 19 Linden, LLC, as the plaintiff.

Ordered that the order is affirmed, with costs.

In August 2006, the defendant Global Universal Group Ltd. (hereinafter Global) executed a note in the amount of $9,100,000 in favor of Woori America Bank (hereinafter Woori), and delivered to Woori a mortgage on certain real property in Queens to secure repayment of the note. Global allegedly defaulted in May 2011, and thereafter, by failing to pay the monthly sums owed and by failing to pay property taxes and utility expenses. On or about January 12, 2012, Woori commenced this action to foreclose the mortgage by filing a summons and complaint verified by an assistant vice president of Woori, based upon his personal knowledge and his review of records maintained by Woori. The complaint alleged that Global's last payment was received on April 1, 2011.

By notice of motion dated October 24, 2012, Woori moved, inter alia, for summary judgment on the complaint. On November 28, 2012, Woori assigned its interest in the mortgage

and note to SDF 19 Linden, LLC (hereinafter SDF 19). In March 2013, Global cross-moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, denied the cross motion, and, thereupon, amended the caption by substituting SDF 19 as the plaintiff.

In a mortgage foreclosure action, a plaintiff has standing where it is the holder or assignee of the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]; *US Bank N.A. v Cange*, 96 AD3d 825, 826 [2012]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753-754 [2009]). Contrary to Global's contention, in the event that a note and mortgage are validly assigned to a third party subsequent to the commencement of a foreclosure action, as was the case here, the assignee can continue an action in the name of the original mortgagee, even in the absence of a formal substitution (*see* CPLR 1018; *Lincoln Sav. Bank, FSB v Wynn*, 7 AD3d 760 [2004]; *Central Fed. Sav. v 405 W. 45th St.*, 242 AD2d 512 [1997]). Moreover, an assignee may, if it chooses, take the steps necessary to effect a formal substitution. Here, upon proof that the mortgage and the underlying debt were assigned by Woori to SDF 19, the Supreme Court providently exercised its discretion by amending the caption to substitute SDF 19 as the plaintiff (*see* CPLR 1018; *Deutsche Bank Trust Co., Ams. v Stathakis*, 90 AD3d 983, 983 [2011]; *Maspeth Fed. Sav. & Loan Assn. v Simon-Erdan*, 67 AD3d 750, 751 [2009]).

A plaintiff seeking summary judgment in a mortgage foreclosure action establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage and the unpaid note, and evidence of the default, by proof in admissible form (*see* CPLR 3212 [b]; *US Bank N.A. v Madero*, 125 AD3d 757, 758 [2015]; *W & H Equities LLC v Odums*, 113 AD3d 840, 841 [2014]; *Washington Mut. Bank v Schenk*, 112 AD3d 615, 616 [2013]; *Wells Fargo Bank, N.A. v Webster*, 61 AD3d 856, 856 [2009]). Here, Woori, the original plaintiff, met that burden by producing the relevant documents and the complaint verified by one of its officers based upon that officer's personal knowledge of Woori's records (*see* CPLR 105 [u]; *Kempf v Magida*, 37 AD3d 763 [2007]; *Lebar Constr. Corp. v HRH Constr. Corp.*, 292 AD2d 506, 507 [2002]).

In opposition, Global argued that there was a triable issue of fact as to whether SDF 19 acted with unclean hands in refusing to subsequently close on a bridge loan during the pendency of Woori's motion. Although the bridge loan negotiations were related to the mortgage, since such a loan might have afforded

Global an opportunity to refinance, the bridge loan transaction was entirely separate from the underlying mortgage. Accordingly, those two matters were not so inextricably intertwined that factual issues surrounding the contemplated bridge loan warranted the denial of Woori's motion for summary judgment in the foreclosure action (*see Imperial Capital Bank v 11-13-15 Old Fulton D, LLC*, 88 AD3d 652, 654 [2011]; *LaSalle Bank N.A. v Kosarovich*, 31 AD3d 904, 906 [2006]; *Fleet Bank v Pine Knoll Corp.*, 290 AD2d 792, 794 [2002]). Therefore, the motion, inter alia, for summary judgment on the complaint was properly granted, as Global failed to raise a triable issue of fact in opposition to Woori's prima facie showing of entitlement to judgment as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

Global's remaining contentions are without merit. Mastro, J.P., Dickerson, Austin and Maltese, JJ., concur.