JPMorgan Chase Bank N.A. v Wenegieme (2018 NY Slip Op 04541)





JPMorgan Chase Bank N.A. v Wenegieme


2018 NY Slip Op 04541


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2015-10685
2015-10686
 (Index No. 148/13)

[*1]JPMorgan Chase Bank National Association, respondent, 
v
Celeste M. Wenegieme, appellant, et al., defendants.


Ronald D. Weiss, P.C., Melville, NY, for appellant.
Blank Rome LLP, New York, NY (Diana M. Eng and Timothy W. Salter of counsel),
for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Celeste M. Wenegieme appeals from two orders of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), both dated March 27, 2015. The orders, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Celeste M. Wenegieme, to strike that defendant's answer, and to appoint a referee to compute the amount owed to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
On December 19, 2007, the defendant Celeste M. Wenegieme (hereinafter the defendant) obtained a loan from the plaintiff in the principal sum of $357,675, which was secured by a mortgage on real property located in Ridge, New York. On January 2, 2013, the plaintiff commenced this mortgage foreclosure action against, among others, the defendant. The defendant served a pro se answer.
In December 2014, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and to appoint a referee to compute the amount owed to the plaintiff. The defendant opposed the motion. In two orders, both dated March 27, 2015, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, struck the defendant's answer, and appointed a referee to compute the amount owed to the plaintiff. The defendant appeals, and we affirm both orders insofar as appealed from.
The plaintiff, who is the original lender, established its prima facie entitlement to judgment as a matter of law through the production of the mortgage, the unpaid note, and evidence of the defendant's default (see Wells Fargo Bank, N.A. v Ali, 122 AD3d 726, 726; Midfirst Bank v Agho, 121 AD3d 343, 347). In opposition, the defendant failed to raise a triable issue of fact.
Contrary to the defendant's contention, in the absence of a court order directing otherwise, the plaintiff had the capacity to continue this action after assigning the mortgage and note (see CPLR 1018; Woori Am. Bank v Global Universal Group Ltd., 134 AD3d 699, 700; Wells Fargo Bank, N.A. v Hudson, 98 AD3d 576, 577-578).
The defendant's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for the appointment of a referee to compute the amount owed to the plaintiff.
BALKIN, J.P., CHAMBERS, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court