Reece v SHC Equities, LLC (2019 NY Slip Op 02571)





Reece v SHC Equities, LLC


2019 NY Slip Op 02571


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-02350
 (Index No. 50049/15)

[*1]Sherrianne Reece, et al., respondents,
v
SHC Equities, LLC, appellant, et al., defendant.


C. Steve Okenwa, P.C., New York, NY, for appellant.
Lehrman & Maseng, PLLC, Brooklyn, NY (Michael A. Lehrman of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to impose a constructive trust on certain real property, to set aside a deed, and to recover damages for fraud, the defendant SHC Equities, LLC, appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated February 7, 2017. The order, insofar as appealed from, denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs were joint owners of real property located in Brooklyn which was encumbered by certain mortgages securing debts incurred by the plaintiff Anthea Walford. According to the plaintiffs, after Walford defaulted on the debts, the plaintiffs were approached by a representative of the defendant SHC Equities, LLC (hereinafter the defendant), who advised them that the value of the premises was less than the remaining balance of the mortgages, such that, to get relief from the debt, their only option was to pursue a short sale of the premises. The plaintiffs, who were not represented by counsel, alleged that the defendant, a short sale broker, promised to effectuate the short sale and presented them with certain documents, representing them to be "short sale applications and authorizations allowing it to negotiate the short sale with the banks." One of the documents included a quitclaim deed and accompanying transfer documents, transferring the property to the defendant. According to the plaintiffs, the defendant failed to make any effort to negotiate a short sale of the premises, attempted to collect rent from tenants at the premises, and Walford's debts remained unsatisfied.
The plaintiffs commenced this action, inter alia, to impose a constructive trust on the property, to set aside the deed transferring the property to the defendant, and to recover damages for fraud. In response to a motion by the plaintiffs to appoint a temporary receiver, the defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the cross motion, and the defendant appeals.
The defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the first cause of action, seeking the imposition of a constructive trust. "A constructive trust may be imposed in favor of one who transfers property in reliance on a promise [*2]originating in a confidential relationship where the transfer results in the unjust enrichment of the holder" (Rogers v Rogers, 63 NY2d 582, 585-586). "[A] real estate broker is a fiduciary with a duty of loyalty and an obligation to act in the best interests of the principal" (Dubbs v Stribling & Assoc., 96 NY2d 337, 340).
Here, in support of its motion, the defendant submitted an alleged contract in which the plaintiffs agreed to transfer the property to the defendant as well as a check from the defendant to the plaintiffs in the sum of $11,000, which was drawn on the date of the contract, 11 months before the deed was executed. These items fail to rebut the allegations in the first cause of action that the plaintiffs, being in a confidential broker-principal relationship with the defendant, executed all of the documents presented to them in reliance upon the defendant's promise that it would effectuate a short sale of the premises that would satisfy Walford's debt. Indeed, the plaintiffs acknowledge that they executed documents which effected the transfer of title to the defendant. The contract is just one other such document. Further, the plaintiffs alleged that the defendant represented to them that the $11,000 paid by the defendant to the plaintiffs was part of the short sale process.
The defendant also did not meet its prima facie burden on the fraud cause of action. "The elements of a cause of action for fraud [are] a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559). The contract allegedly signed by the plaintiffs agreeing to transfer the property failed to establish, prima facie, that the defendant did not misrepresent that the contract and all other documents presented for the plaintiffs' signatures would be used to effectuate a short sale and relieve Walford of her debt.
The defendant's evidence also did not demonstrate its prima facie entitlement to judgment as a matter of law dismissing the remaining two causes of action, alleging, respectively unjust enrichment and promissory estoppel (see generally Can Man Carting, LLC v Spiezio, 165 AD3d 1029, 1031-1032; Imperial Capital Bank v 11-13-15 Old Fulton D, LLC, 88 AD3d 652, 653-654). To the extent that the alleged contract, which included one page containing the plaintiffs' undated, un-notarized signatures and no initials or signatures on any of its preceding pages, is found to be invalid, or not to cover the subject matter of the complaint, such causes of action will lie (see generally EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 23).
Since the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law, we agree with the Supreme Court's denial of its cross motion, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
SCHEINKMAN, P.J., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court