Tkatchev v Shtayner (2020 NY Slip Op 06164)





Tkatchev v Shtayner


2020 NY Slip Op 06164


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
MARK C. DILLON
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2018-11081
 (Index No. 519284/16)

[*1]Aleksandr Tkatchev, appellant-respondent,
v
Semyon Shtayner, respondent-appellant.


Genova Burns LLC, New York, NY (Lawrence Bluestone of counsel), for appellant-respondent.
Andrew B. Schultz, Great Neck, NY (Scott Zucker of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover on a promissory note, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated August 2, 2018. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the complaint. The order, insofar as cross-appealed from, denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
On October 17, 2001, the defendant allegedly executed a promissory note in favor of the plaintiff, in the principal sum of $1 million. The note required the defendant to make monthly interest payments for five years, with a "balloon payment" in the full principal amount of the note due on November 1, 2006. On the same day, the parties executed a security agreement whereby the defendant granted the plaintiff a security interest in certain assets to secure the repayment of the note. According to the plaintiff, the defendant failed to repay the principal amount on the note's maturity date.
On June 23, 2012, the parties executed an agreement purporting to extend the security agreement through July 1, 2017 (hereinafter the extension agreement). The extension agreement purports to extend the date of the security agreement, but does not explicitly extend the maturity date of the note. The defendant allegedly made interest payments to the plaintiff until 2015.
On November 1, 2016, the plaintiff commenced this action to recover on the promissory note and to recover damages for unjust enrichment. By notice of motion dated May 16, 2018, the defendant moved for summary judgment dismissing the complaint, arguing, inter alia, that the original loan agreement was unenforceable for lack of consideration and that the action was time-barred. The plaintiff separately moved for summary judgment on the complaint. By order dated August 2, 2018, the Supreme Court denied both motions. The plaintiff appeals and the defendant cross-appeals. We affirm.
We agree with the Supreme Court's determination that issues of fact preclude an [*2]award of summary judgment to either party. Although the plaintiff established, prima facie, that the defendant failed to repay the loan in accordance with the terms of the promissory note (see Margarella v Ullian, 164 AD3d 898, 899; Roopchand v Mohammed, 154 AD3d 986, 987), in opposition, the defendant raised a triable issue of fact as to whether the action was barred by the six-year statute of limitations (see CPLR 213[4]).
Similarly, in opposition to the defendant's prima facie showing that the action was time-barred, the plaintiff raised a triable issue of fact, inter alia, as to whether the extension agreement constituted an acknowledgment of the debt for purposes of General Obligations Law § 17-101 so as to revive the statute of limitations (see Bank of N.Y. Mellon v Bissessar, 172 AD3d 983, 985).
Moreover, the defendant failed to establish, prima facie, that the original loan agreement was unenforceable for lack of consideration (see Signature Bank v Galit Props., Inc., 80 AD3d 689, 689-690), necessitating denial of his motion on that ground without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MALTESE, J.P., DILLON, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court