**Battery Park City Auth. v Pier A Battery Park Assoc.**

2024 NY Slip Op 33179(U)

September 11, 2024

Supreme Court, New York County

Docket Number: Index No. 156217/2022

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:  **HON. LYLE E. FRANK**                              PART                11M

*Justice*

-----------------------------------------------------------------------------X

BATTERY PARK CITY AUTHORITY D/B/A THE HUGH L.
CAREY BATTERY PARK CITY AUTHORITY,

                                  Plaintiff,

                                  - v -

PIER A BATTERY PARK ASSOCIATES, LLC,PAUL
LAMAS, PETER POULAKAKOS, NEW YORK CITY
WATERFRONT DEVELOPMENT FUND II, LLC

                                  Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156217/2022 |
| MOTION DATE | 03/01/2024, 03/21/2024, 03/21/2024 |
| MOTION SEQ. NO. | 001 002 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 18, 19, 20, 21, 22, 48, 50, 51, 52, 53, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 72, 73, 74, 75

were read on this motion to/for                        MISCELLANEOUS            .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 49, 66, 78, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 98, 99, 102, 104, 105, 106, 107, 108, 109, 110

were read on this motion to/for                     JUDGMENT - SUMMARY         .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 49, 66, 78, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 98, 99, 102, 104, 105, 106, 107, 108, 109, 110

were read on this motion to/for                   PARTIAL SUMMARY JUDGMENT     .

Background

     This action concerns a dispute over a commercial real estate lease in downtown Manhattan. The instant action arises out of allegations that defendants have breached their respective contracts and guaranties.

     Plaintiff, Battery Park City Authority d/b/a the Hugh L. Carey Battery Park City Authority ("Plaintiff") leased Pier A in downtown Manhattan to defendant Pier A Battery Park Associates LLC ( "Tenant"), pursuant to a lease agreement dated March 9, 2011. According to

156217/2022   BATTERY PARK CITY AUTHORITY D/B/A THE HUGH L. CAREY BATTERY PARK
CITY AUTHORITY vs. PIER A BATTERY PARK ASSOCIATES, LLC ET AL
Motion No.  001 002 002

Page 1 of 5

1 of 5

Plaintiff, Tenant granted a leasehold mortgage in its leasehold estate to defendant Waterfront Development Fund II, LLC ("Waterfront") which was formed in 2011 to raise capital and provide a $16.5 million loan to Tenant to facilitate redevelopment of the property.

Plaintiff alleges that in 2018, Tenant defaulted on its obligations under the lease, including the obligation to pay rent. Thereafter, the parties amended the lease on November 1, 2018 and subsequently entered into a "Good Guy Guaranty" ("the Guaranty") with defendants Paul Lamas and Peter Poulakakos ("Guarantors"), who guaranteed the payment and performance by Tenant under the lease. Plaintiff alleges that again in April 2020, Tenant breached its obligation to pay rent and interest owed to the fund. Tenant contends that it validly surrendered the premises due to its inability to operate its business at the subject premises as a result of the Covid-19 pandemic. Plaintiff alleges that in response, Waterfront informed Tenant that its surrender notice was not valid under the terms of the Guaranty and the Guarantors remained responsible under the terms of the Guaranty.

Plaintiff commenced this action seeking, in part, money judgment against Tenant and the Guarantors for unpaid rents, additional rents, fees, costs and expenses, and other damages due under the subject commercial lease.

Discussion

**I.      Motion to Substitute**

Waterfront contends that on January 3, 2024, Plaintiff assigned its rights to enforce its rent related claims to Waterfront and voluntarily discontinued Counts I, II, and III to the extent they are brought against Waterfront Development and Count X in its entirety. Accordingly, Waterfront now moves to substitute itself as Plaintiff with respect to the rent related claims.

**156217/2022   BATTERY PARK CITY AUTHORITY D/B/A THE HUGH L. CAREY BATTERY PARK**          **Page 2 of 5**
**CITY AUTHORITY vs. PIER A BATTERY PARK ASSOCIATES, LLC ET AL**
**Motion No.  001 002 002**

2 of 5

Tenant and guarantors oppose, arguing that substitution would result in the resurrection of a lawsuit against the defendant guarantors which was previously dismissed, and further prejudice defendant.

CPLR 1018 provides that "[u]pon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action." CPLR 1018. Pursuant to CPLR 1018 it is within the Court's discretion to order a substitution of parties where applicable. (*See GHH Assoc. LLC v. Trenchant Funds*, 228 AD3d 503 [1st Dep't 2024]; *Maspeth Fed. Sav. & Loan Assn. v Simon-Erdan,* 67 AD3d 750 [2d Dep't 2009]; *Woori Am. Bank v Global Universal Group Ltd.,* 134 A.D.3d 699 [2d Dep't 2015]).

The Court finds Plaintiff has sufficiently established that substitution here is proper. It is undisputed that Plaintiff has assigned its rights to Waterfront and therefore is the proper party to pursue the rent related claims. The Court disagrees with defendants that substitution would essentially revive a previously dismissed claim. As Plaintiff has assigned its rights to Waterfront, Plaintiff's ability to bring a claim for outstanding rent transfers to Waterfront and is therefore distinguishable from any prior matter. The Court finds defendants have failed to establish prejudice.

## II.    Motion for Partial Summary Judgment

Next, Plaintiff moves for partial summary judgment against Tenant, seeking a declaration that its lease in the subject party is terminated. The Court finds that Plaintiff has met its *prima facie* burden in establishing as a matter of law that the lease is terminated, and defendant has no further right to the premises.

**156217/2022   BATTERY PARK CITY AUTHORITY D/B/A THE HUGH L. CAREY BATTERY PARK CITY AUTHORITY vs. PIER A BATTERY PARK ASSOCIATES, LLC ET AL Motion No.  001 002 002**                                                    **Page 3 of 5**

3 of 5

[* 3]

It is undisputed that defendants no longer occupy the subject premises. Rather, the parties disagree as to whether Tenant surrendered in accordance with the lease or breached the lease and whether Tenant remains liable for outstanding rents.

The lease provides that where Tenant defaults in the payment of rent more than three times in any 12-month period, owner may exercise its right of cancellation of the lease. On April 27, 2020, Tenant wrote to Plaintiff that due to the Covid-19 pandemic, it had permanently closed its business and operations as of March 16, 2020, and would be unable to pay the rent for the foreseeable future. On July 14, 2020, Tenant advised Plaintiff that its previous letter on April 27 was a formal notice of surrender. On August 15, 2020, Tenant turned over the keys to the premises. Thus, whether defendant surrendered in accordance with the lease or defaulted on the lease, either way, Plaintiff has demonstrated cancellation of the lease. Therefore, with respect to the cancelation of the lease, Plaintiff's partial motion for summary judgment is granted.

### III.    Cross Motion for Summary Judgment

Lastly, defendant Guarantors cross-move to dismiss the complaint, or alternatively to stay the case pending a determination on the constitutionality of the Guaranty law. The Court agrees with defendant Guarantors that the case should be stayed pending a determination on the constitutionality of the complaint.

Pursuant to CPLR § 2201 the Court may "grant a stay of proceedings in a proper case, upon such terms as may be just." CPLR § 2201. The Court agrees that because New York City Administrative Code § 22-1005 ("Guaranty Law") may protects Guarantors against liability here, a ruling which deems the Guaranty law unconstitutional could impact the outcome of this matter. As the constitutionality of the Guaranty law is currently under review by the Courts of this state, the Court finds that the present matter should be stayed pending that determination.

**156217/2022   BATTERY PARK CITY AUTHORITY D/B/A THE HUGH L. CAREY BATTERY PARK**     **Page 4 of 5**
**CITY AUTHORITY vs. PIER A BATTERY PARK ASSOCIATES, LLC ET AL**
**Motion No.  001 002 002**

[* 4]                                                    4 of 5

Accordingly, it is hereby,

ORDERED that New York City Waterfront Development Fund LLC's motion to substitute is granted; and it is further

ORDERED that Plaintiff's motion for partial summary judgment is granted; and it is further

ORDERED that defendants Pier A Battery Park Associates, LLC, Paul Lamas and Peter Poulakakos' cross-motion for summary judgment is granted in part; and it is further

ORDERED that the matter is stayed pending a determination on the constitutionality of New York City Administrative Code § 22-1005

20240911113030LFRANK593F4?AF46E94E4598D710F77073DAF3

| 9/11/2024 | | | |
|---|---|---|---|
| **DATE** | | | **LYLE E. FRANK, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**156217/2022   BATTERY PARK CITY AUTHORITY D/B/A THE HUGH L. CAREY BATTERY PARK
CITY AUTHORITY vs. PIER A BATTERY PARK ASSOCIATES, LLC ET AL
Motion No.  001 002 002**

Page 5 of 5

5 of 5